# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 14-62034-CIV-COHN/SELTZER

ANGEL GABRIEL REYNOSO CHAVEZ, *and all*
*others similarly situated under 29 U.S.C. 216(B),*     )
                                                          )
                                                          )
                          Plaintiff,                      )
            vs.                                           )
                                                          )
                                                          )
DONG LE CORPORATION D/B/A SHINJU                          )
JAPANESE BUFFET SUSHI SEAFOOD                             )
HIBACHI GRILL,                                            )
                                                          )
                          Defendant.                      )
_____

## PLAINTIFF'S MOTION IN LIMINE

**COMES NOW** Plaintiff, by and through undersigned counsel, pursuant to the Federal

Rules of Civil Procedure, and files this above-described Plaintiffs' Motion *In Limine* and moves

to exclude reference to or introduction of the following in trial:

a.  Any set off, including but not limited to, bonuses, training, required food purchases,
    and mandatory rental housing;

b.  Attorneys' fees; and

c.  Liquidated damages. Plaintiff hereby moves this Court to decide that the only fact to
    be decided by the jury is the question as to whether Defendant paid the Plaintiff's
    wages in an amount that was at least as much as the minimum wage and whether
    Defendant paid Plaintiff the appropriate amount of overtime.

### I.    Motion in Limine is Proper to Exclude Irrelevant and Prejudicial Evidence

The Court should determine admissibility via a motion *in limine. Zenith Radio Corp. v.*

*Matsushita Elec. Indus. Co.*, 505 F. Supp 1125, 1146 (E.D. Pa. 1980), *aff'd in part*, 723 F.2d 238

(3ʳᵈ Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986).  The motion *in limine* derives from

the court's authority to control the trial process. *See*, *e.g.*, <u>Luce v U.S.</u> (1984) 469 US 38, 41 (1984).

Fed. R. Evid. 403 provides, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "The court excludes evidence on a Motion *In Limine* only if the evidence is clearly inadmissible for any purpose." <u>In re Mirabilis Ventures, Inc.</u>, 2011 WL 3236027, at 5 (M.D. Fla. July 28, 2011).

As it applies in this matter, set offs, wage deductions, attorneys' fees, and liquidated damages are all subjects which may be highly prejudicial but have no actual relevance to a jury's verdict. With no probative value, and a moderate-to-high risk of prejudice and confusion, these subjects should be inadmissible under Fed. R. Evid. 403.

## II.     Set Offs Were Waived

Defendant's own ledgers and position taken in Defendant's Response to Plaintiff's Statement of Claim list several set offs taken against Plaintiff and labeled them as "Meal"[1], "Borrowed"[2], "Rent"[3], and "Bonus[4]." Plaintiff predicts that Defendant will value these categories as contributing to Defendant's obligations in regard to paying Plaintiff's minimum wages or overtime. However, none of these factors are actually relevant for the jury's determination as to

---

[1]  "Meal" refers to the charges for three meals costing $5 each from Defendant during each and every day that Plaintiff worked.  These meals were deducted from Plaintiff's pay - whether Plaintiff ate the meals and whether the Plaintiff wanted the option to be charged for them or not.

[2] "Borrowed" refers to loan repayments in which Defendant alleges that Plaintiff borrowed money from Defendant.  The loan was allegedly taken out of Plaintiff's next paycheck.

[3] "Rent" refers to the charges associated with Plaintiff being required to live in and pay for company housing which he shared with his similarly situated employees at $120-$260 a month.

[4] "Bonus" refers to amounts given to Plaintiff arbitrarily based on the perception of Defendants regarding the quality of work performed by Plaintiff.

whether Plaintiff's allegations of minimum wage and overtime violations are correct for three independent reasons, as described in the subsections below.

### a.  Set Offs Have Not Been Pled

Defendant did not plead that the amount of unpaid wages should be set off in either Defendant's affirmative defenses or in any counterclaims. Thus, Defendant is barred from setting off the amounts owed for unpaid wages.

Not all FLSA actions can lawfully be set off.  A potential set off defense, if lawful, must be pled in conformity with the Federal Rules of Civil Procedure. Such an allegation should be stated as an affirmative defense or counterclaim, or else risk such a defense being waived.  Fed. R. Civ. P. 15(a); Fed. R. Civ. P. 8(c); Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1239 (11th Cir. 2010) ("Failure to plead an affirmative defense generally results in a waiver of that defense"); *see also* Morgan Guar. Trust Co. of New York v. Blum, 649 F.2d 342, 345 (5th Cir. 1981).  In Diaz v. Jaguar Rest. Grp., LLC, the defendant failed to plead the affirmative defense of "administrative exemption."  627 F.3d 1212, 1214 (11th Cir. 2010).  The underlying trial court committed reversible error by permitting the amendment to the underlying complaint.  Id.

As these rules apply to the instant facts, Defendant did not plead set offs as an affirmative defense or counterclaim. Facts regarding the set off could only confuse the jury. Thus, it is not proper for the jury to determine this defense.

Defendant may argue that set offs were tried through implied consent.  Like in Diaz, Defendant only pled a tangentially related issue that Plaintiff is estopped or has otherwise waived his right to receive the minimum wage or overtime because he agreed to the wages he received. *See* Answer and Affirmative Defenses to Second Amended […] entered January 5, 2015. Waiver and estoppel is a fundamentally different argument than set off.  An individual

employee's right to minimum wage and overtime compensation under the Fair Labor Standards Act cannot be abridged by contract or otherwise waived by the employee.  Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728 (1981); Baker et.al. v. Barnard Construction Co. et.al., 146 F.3d 1214 (10th Cir. 1998).

### b. No Set Off May Occur When Costs for Meals and Lodging are Not Provided and Accounted For

The only method for an employer to deduct costs from an employee's paycheck is through 29 U.S.C. § 203(m), which allows employers to deduct the cost of servicing meals, lodging, or other facilities in employee wages. This cost is not determined by the employer.  The Fair Labor Standards Act does not allow the Defendants, or any employers, to decide for themselves what the reasonable cost or fair value of room and board, lodgings, or other facilities will be. Instead, this determination is conducted by the Department of Labor. 29 U.S.C. § 203(m).  The regulations promulgated by the Department of Labor define "reasonable cost" "to be not more than the actual cost to the employer of the board, lodging, or other facilities customarily furnished by him to his employees." 29 C.F.R. § 531.3(a).

An employer may calculate the cost to the employer of furnishing its employees with board, lodgings, or other facilities pursuant to the formula set out by the Department of Labor in 29 C.F.R. § 531.1.  However, in order to substantiate the "actual cost" to the employer when using this method, an employer "must 'maintain and preserve' records of 'itemized accounts showing the nature and amount of any expenditures entering into the computation of the reasonable cost.'"  Rosales v. Lore, 149 Fed.Appx. 245, 246-47 (5th Cir. 2005); 29 C.F.R. § 516.27(a). The employer must maintain records showing additions or deductions from wages paid for board, lodging or other facilities on a work week basis. Id. at § 516.28(b).  The burden of showing this reasonable cost is on the employer.  Donovan v. New Floridian Hotel, Inc., 676

F.2d 468, 474 (11th Cir. 1982).  If these costs cannot be substantiated, they may not be deducted from the paycheck.  Id. at 475.  Failure to comply with the regulations for determining "reasonable cost" of board, lodgings, or other facilities results in an employer being unable to credit those costs towards an employee's wages.  Rosales, 149 Fed.Appx. at 247.  This includes failing to keep the necessary itemized records showing the application of the cost of board, lodgings, or other facilities to the Plaintiffs' wages.  Id. (citing 29 C.F.R. § 516.27(a)(1)).

Here, Defendant's complete lack of records negates Defendant's ability to deduct from Plaintiff's paycheck.  The lack of records cannot be remedied by the Defendant employer's testimony.  "An employer's unsubstantiated estimate of his cost, where the employer has failed to comply with the recordkeeping provisions of the FLSA, and where there has been no determination of reasonable cost by the Wage and Hour Division, does not satisfy the employer's burden of proving reasonable cost."  Donovan, 676 F.2d at 474.

Defendant cannot now introduce evidence of records that Defendant would need to provide in order to make a lawful claim regarding deducing Plaintiff's wages for food or lodging. Since, as a matter of law, it is impossible for these set offs to be applied, it would only prejudice the jury to provide evidence on this point.

### c.  Set Offs May Not be Considered in Regard to Failure to Pay Minimum Wage

Reducing an employee's rate of pay below minimum wage is not lawful, particularly if the alleged purchases are mandatory.  As articulated by the Fifth Circuit's Brennan v. Heard and clarified by Singer v. Waco, an employer is limited in what he may use to deduct an employee's wages.  Brennan v. Heard, 491 F.2d 1, 2 (5th Cir. 1974); Singer v. City of Waco, Tex., 324 F.3d 813, 827 (5th Cir. 2003).

Brennan elaborates:

Congress has determined that the individual worker should have both the freedom and the responsibility to allocate his minimum wage among competing economic and personal interests. […]

[Federal Court's] sole function and duty under the Act is to assure to the employees of a covered company a minimum level of wages. Arguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the Act. […]

Set-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions[…]

491 F.2d at 4.

Brennan reversed the trial court to the extent that set offs against minimum wage and overtime were made.  Id. at 5. Singer later clarified that this holding in Brennan also applies when, after set offs, an employee's wages are brought below minimum wage. 324 F.3d at 9. This Court has adopted the Brennan/Singer interpretation of the FLSA.  See Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1321 (S.D. Fla. 2005); see also Dejesus v. Emerald Coast Connections of St. Petersburg, Inc., 2010 U.S. Dist. LEXIS 68845 (M.D. Fla. June 17, 2010) (allowing set off for the purchase of a pizza oven, so long as said set off did not result in Plaintiff's wage rate falling below the applicable minimum wage rate as a result of the set off).

Defendant would be barred from claiming the set offs which Plaintiff anticipates Defendant will claim because the set offs universally reduced Plaintiff's pay below minimum wage.  After the meal and lodging deductions from pay are factored in, there is not one single month where Defendant's own ledgers show that Plaintiff was ever paid the minimum wage. Plaintiff never received a paycheck with "cash in hand" sufficient to the minimum wage he should have received under the Act.  These deductions from wages as a matter of law are

irrelevant as to finding whether Plaintiff was paid the proper minimum wage. The only relevant determination is whether Plaintiff was paid the minimum wage and overtime.

### d.  Allegedly Borrowed Funds Cannot be Set Off Categorically

This Court has previously ruled that "amounts loaned by an employer to an employee" cannot be set off categorically.  Romero v. S. Waste Sys., LLC, 619 F. Supp. 2d 1356, 1359 (S.D. Fla. 2009) *citing* Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1321 (S.D. Fla. 2005); Donovan v. Pointon, 717 F.2d 1320, 1323 (10th Cir. 1983) (applying this principle to claims of borrowed money claimed as a set off).  A significant amount of the set offs claimed by Defendants are in regard to funds loaned and thus should not properly be considered.

### III.    Attorneys' Fees and Liquidated Damages are Inadmissible

There is no legal basis for referring to attorneys' fees and costs at trial. Attorneys' fees and costs are post-trial issues for the Court that do not relate to any question of fact for the jury to answer. *See* 29 U.S.C. § 216(b)

There is no basis, not even in closing argument, to refer to attorneys' fees and costs to the jury.  Dingman v. Cart Shield USA, LLC, 12-20088-CIV, 2013 WL 3353835 (S.D. Fla. July 3, 2013) (ordering defendants in an FLSA case not to refer to attorneys' fees and costs at trial).

Referencing attorney fees, costs or liquidated damages has absolutely no probative value and can only possibly be used to unfairly prejudice the jury.  Nevertheless, Defendant has an interest in bringing up the FLSA's provisions regarding attorneys' fee awards and liquidated for the purpose of prejudicing Plaintiff. A jury cannot equitably consider the FLSA's policy considerations in awarding attorneys' fees and liquidated damages, and therefore might be persuaded into reducing or setting off an award. This scenario is a quintessential example of evidence prohibited under Fed. R. Evid. 403.

As such, any reference to attorneys' fees, costs, or liquidated damages at trial should be excluded.  Moreover, liquidated damages, fees and costs are determined by the Court post-trial and it would be poor use of the Court's time and resources to allow the jury to hear arguments and evidence regarding issues on which the jury would not deliberate.

IV.     **Conclusion**

The issues of set offs, wage deductions, attorneys' fees, and liquidated damages have no relevance for the jury in determining the answer to the question as to whether Defendant failed to pay the correct minimum wage and overtime to Plaintiff.  Evidence and argument at trial regarding these categories is irrelevant as a matter of law, and the mention of these topics at trial can only be for prejudicial purposes.  Thus, under Fed. R. Evid. 403, evidence set offs, wage deductions, attorneys' fees, and liquidated damages should be excluded.

Respectfully submitted this 4th day of March, 2015.

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiff*

By: /s/ Julia M. Garrett
Julia M. Garrett, Esq.
Florida Bar No.: 105151

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues.   Defendants' counsel opposes all of the relief sought in this motion.


_____/s/ Julia M. Garrett_____
Julia M. Garrett

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Motion *in Limine* was sent via CM/ECF to all counsel and parties of record on this 4th day of March 2015.


J.H. Zidell, P.A.
*Attorneys for Plaintiff*
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865 – 7167

By: /s/ Julia M. Garrett
Julia M. Garrett, Esq.
Florida Bar No.: 105151


## SERVICE LIST

Hongwei Shang
The Law Office of Hongwei Shang, LLC
515 E Las Olas Boulevard
7350 SW 89th St Ste 100
Miami, FL 33156-7837
Phone: 786-581-9759
Fax: 786-581-9168
Email: hshanglaw@gmail.com
*Attorney for Defendant*