UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-62034-CIV-COHN/SELTZER

ANGEL GABRIEL REYNOSO CHAVEZ *and all others similarly situated under 29 U.S.C. 216(B)*   )
)
)
      Plaintiff   )
)
vs.   )
)
DONG LE CORPORATION D/B/A SHINJU JAPANESE BUFFET SUSHI SEAFOOD HIBACHI GRILL and HAO CHEN,   )
)
)
)
      Defendants   )
_____

### PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

The Parties, by and through undersigned counsel, file this Motion for Attorneys' Fees and respectfully state as follows:

1. Defendant accepted Plaintiffs' Offer of Judgment dated March 10, 2015 on March 17, 2015 [D.E. 46; D.E. 46-1].

2. Defendants' Offer of Judgment was for "$7,600, including all of Plaintiff's claims of relief [and] Reasonable attorneys' fees, litigation expenses and costs of suit incurred by Plaintiff in relation to this case to date."

3. This Court found that Plaintiff was entitled to seek attorneys' and costs, under the Offer of Judgment, pursuant to Local Rule 7.3 [DE 50]. The Court retained jurisdiction regarding those attorneys' fees and costs.

4. On April 29, 2015, Plaintiff filed a Motion for Costs and attached a Bill of Costs. Each cost was reasonable and necessary for the prosecution of Plaintiff's case.

5. Plaintiff is seeking Attorneys' Fees in this Motion for Attorneys Fees. While Plaintiff would normally be entitled to attorneys' fees after succeeding on the merits, in this case,

Defendants agree to pay for Plaintiff's attorneys' fees in the offer of judgment. This give additional grounds in support of this Court awarding attorneys' fees.

6. Plaintiff seeks $31,184.5 as attorney's fees as the prevailing party pursuant to the terms of the Offer of Judgment and 29 U.S.C. 216(b). The attorney's fees sought in this case are based on 108.4 hours of attorney work in this case in accordance with the following rate schedule. A breakdown of the attorney, hours worked, hourly rate, tasks conducted and date, and other relevant information is attached as "Exhibit A." A summary is listed as follows:

| Attorney | Initials | Hourly Rates | Total Hours Worked On The Case | Total Fees: |
|---|---|---|---|---|
| J.H. Zidell | JZ | $350/hr | 43.10 hours | $15,085.00 |
| Daniel Feld | DF[1] | $275/hr | 6.8 hours | $1,870.00 |
| David Kelly | KDK | $325/hr | 2.3 hours | $747.50 |
| Christopher Cochran | CC | $200/hr | 8.2 hours | $1,640.00 |
| Juliet Garrett | JG | $225/hr | 9.2 hours | $2,070.00 |
| Elizabeth Hueber | EH[1] | $275/hr | 35.6 hour | $9,772.00 |
| Total | | | 105.20 hours | $31,184.50 |

7. Plaintiff recognizes that many attorneys worked on this matter. This is normal practice in this firm, and represents the independent contribution from each attorney. "[A] client can recover for time spent by multiple attorneys on a case, so long as the attorneys' efforts are not unreasonably duplicative." Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc., 697 F. Supp. 2d 1349, 1368 (S.D. Fla. 2010).

8. The Court's own expertise is utilized to establish a reasonable fee and cost award in this case. Norman v. Housing Auth. Of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988).

---

[1] Some entries were made by Mr. Daniel Feld, a former associate with J. H. Zidell, P.A, but are labeled as "EH". A technical limitation prevented Mr. Feld from entering all of his entries under his normal designation "DF." Said entries were entered under "EH", which should normally indicate the undersigned, "Elizabeth Hueber", but within them there is a notation stating "Daniel Feld." These noted entries were actually performed by Daniel Feld and not Elizabeth Hueber. The total time and amount billed are based on the designation and do not reflect this technical issue. Despite this confusing technical limitation, all time entries are accurate.

9. The Eleventh Circuit in <u>Norman v. Hous. Auth. of the City of Montgomery</u>, 836 F.2d 1292 (11th Cir.1988), and <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983), established that the "lodestar," method is used to determine a reasonable fee to be awarded to a prevailing Plaintiff, which is calculated by multiplying the number of hours reasonably expended in a litigation by a reasonable hourly rate. "While the "lodestar" method effectively replaced the balancing test previously prescribed by <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717-19, the twelve (12) <u>Johnson</u> factors "might still be considered in terms of their influence on the lodestar amount." *Norman,* 836 F.2d at 1299." <u>James v. Wash Depot Holdings, Inc.</u>, 489 F. Supp. 2d 1341, 1346 (S.D. Fla. 2007).

10. The 12 factors set out in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir. 1974) are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the  professional relationship with the client; and (12) awards in similar cases.

**(1) <u>Time and Labor Required:</u>** Litigating this case required the time and labor spent by Plaintiff's counsel as reflected in the billing records. A significant factual and legal dispute was at issue, as Defendants did not have employment records.  This matter was taken right until the eve of trial.

**(2) <u>The novelty and difficulty of the questions:</u>** While the issue of unpaid wages is not ordinarily a novel or complex issue, this case was more complex than the ordinary Fair Labor Standards Act Case. In a typical case, one can simply look at the pay records or time

cards and determine the amount owed to Plaintiff. However, in the case at hand, Defendant failed to provide any actual time records. The failure by Defendant to maintain any records made this case more difficult. Furthermore, there was a factual and legal dispute as to the issue of set-off, applicability of payments for food and lodging.

**(3) The skill required to perform the legal services properly:** The litigation of this case required a moderate to high level of skill to prosecute this case, being that the matter was regarding a specialized area of federal law, the Fair Labor Standards Act, and this case turned on complex issues of law and fact in that area.

**(4) The preclusion of other employment by the attorney due to acceptance of the case:** Plaintiff's counsel is an office working at full capacity, and so every hour worked represents an hour not devoted to other matters.

**(5) Customary fee in the community:** The hourly rate of J.H. Zidell, Esq, $350/hr., David Kelly, Esq., $325/hr., Daniel Feld, Esq., and Elizabeth Hueber, Esq. at $275/hr. Juliet Garrett, Esq. at $225/hr, and Christopher Cochran at $200/hr., and are the reasonable rates for attorney's with the same amount of experience in the South Florida market.  Each attorney listed above has an hourly rate in proportion with his or her experience, from managing partner, J.H. Zidell, to partner level attorney, David Kelly, Esq., to senior associates Daniel Feld and Elizabeth Hueber, and associate and junior associate, Juliet Garrett and Christopher Cochran. See *Bedoya* v. Aventura Limousine & Transp. Serv., Inc., 11-24432-CIV, 2013 WL 539259 (S.D. Fla. Feb. 13, 2013) (awarding $350/hr for attorneys with comparable skill to Mr. Zidell and Mr. Kelly) Medrano v. Mi Colombia Bakery, Inc., 2013 WL 1748403 (S.D. Fla. Jan. 10, 2013) (awarding lead attorney with comparable skills to Mr. Zidell and Mr. Kelly $375/hr and awarding an associate $250, stating that:

> This rate is consistent with the associate rate for a five or six year lawyer normally awarded in this District. *See, e.g ., X–Ray Supplies Inc. v. Southeastern X–Ray Inc.,* 2010 WL 4960959, at *2–3 (S.D.Fla. Dec.1,

2010) (finding a fifth-year associate's rate of $260 is reasonable); *Great Lakes Transp. Holding LLC v. Yellow Cab Service Corp. of Florida Inc.,* 2011 WL 4118234, at *2–3 (S.D.Fla. Sept.15, 2011) (finding a fifth-year associate's rate of $255 is reasonable).

Medrano v. Mi Colombia Bakery, Inc., 2013 WL 1748403 (S.D. Fla. Jan. 10, 2013)).

**(6) The fee is fixed or contingent**; The fee in the case at hand is contingent, demonstrating the risk associated with the taking of said case by Plaintiff's Counsel. Therefore, if Plaintiff did not prevail, Plaintiff's counsel would not receive *any* compensation for their work on this case or the costs incurred in litigating this case. Somewhat ironically, the fact that this Court may reduce the attorneys fees' awarded for actual hours conducted is in and of itself a risk that Plaintiff's counsel accepted when litigating this case, and should be a factor in consideration for the lodestar analysis.

**(7) Time limitations imposed by the client or circumstances;** While there were no time limitations imposed by the client, the Court imposed time limitations for litigating this case (i.e. deadline to amend pleadings, deadline for discovery etc.). Therefore, Plaintiff's Counsel was required to perform said work within the deadlines imposed by the Court.

**(8) The amount involved and the results obtained;** Ordinarily, the amount recovered has no bearing on the fees awarded to a Plaintiff. See Davis v. Locke, 936 F.2d 1208, 1215 (11th Cir. 1991) (quoting Rivera, 477 U.S. at 574) ("'Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.'") "Given the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case.'" Tyler v. Westway Auto. Serv. Ctr., Inc., Case No. 02-61667-CIV-DIMITROULEAS/TORRES, 2005 U.S. Dist. LEXIS 45771, *14 (S.D. Fla. Mar. 10, 2005). Although a court may consider the amount of damages recovered in awarding attorney's fees, it should also be mindful that to reduce a fee on this basis may "prevent individuals

with relatively small claims from effectively enforcing their rights and protecting the interest of the public." Hodgson v. Miller Brewing Co., 457 F.2d 221, 228-229 (7th Cir. 1972). Nevertheless, the result of obtained were significant, in light of the amounts claimed. While this may not seem like a significant amount of money ($7,600) the attorneys' fees were explicitly included as part of the offer of judgment. In consideration of the contested and questionable liability, and that attorneys fees would be awarded as well, this is a successful result for Plaintiff. Additionally, this ia classic case wherein "[t]he [defendant] cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." Heder v. City of Two Rivers, 255 F. Supp. 2d 947, 956 (E.D. Wis. 2003) (quoting City of Riverside v. Rivera, 477 U.S. 561, 580-581, n. 11, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986)).

**(9) The experience, reputation, and ability of the attorneys;** J.H. Zidell, Esq. was the lead attorney on the case who performed a substantial amount of the work of this case. J.H. Zidell has been an attorney in the state of Florida since September 1994 and has tried many FLSA cases. Daniel T. Feld, Esq., was the attorney that tried this case and has been licensed to practice in the State of Florida since April, 2007 and has been practicing Labor and Employment Law for most of that time period, has second chaired several FLSA trials, attended numerous federal court hearings, written numerous successful motions including motions for summary judgment. Elizabeth Hueber, Esq. has been licensed to practice law in the State of Florida since 2009, and has practiced federal trial work for most of her years of practice, including arguing federal court hearings, writing successful motions including motions for summary judgment, and contributing substantially to the underlying work of this case. Karl David Kelly, Esq. has been admitted to practice in the State of Florida since October, 1997, has first chaired and successfully tried several FLSA cases, attended numerous federal court hearings, written numerous successful motions including Motions

for Summary Judgment; Christopher Cochran, Esq., has been admitted to practice in the State of Florida since September 2010. Julia Garrett has been practicing in the state of Florida since 2013.

**(10)** **The "undesirability" of the case;** This, like most FLSA cases regards circumstances where it is the employee's word against the employer. Thus, there is always the risk of malice on either the Plaintiff or Defendant's side resulting in protracted litigation due to the nature of their relationship.

**(11)** **The nature and length of the professional relationship with the client**; This was the only case that Plaintiff and counsel had together.

**(12)** **Awards in similar cases**; As noted above, Plaintiffs' counsel has been awarded similar rates in other cases. See; Roldan v. Davis BanCorp, Inc. Case No.: 11-20275 docket entry 158, footnote 8.

11. Therefore, **J.H. Zidell P.A.** requests and fee and costs award for a total $**31,184.5**

12. The undersigned has reviewed all of the attorney fee data claimed herein in good faith and this motion is well grounded in fact.

Dated this 28th day of May, 2015.

        J.H. Zidell P.A.
        *Attorneys for Plaintiff*
        300 71st Street, Suite 605
        Miami Beach, Florida 33141
        Tel: (305) 865-6766
        Fax: (305) 865-7167

        By: /s/ Elizabeth Hueber
            Elizabeth Hueber
            Florida Bar No.: 73061

**VERIFICATION**

I verify that the above is true and correct to the best and my knowledge. The attached fee sheet was prepared by me based off of the reporting made by each reporting lawyer, and represents the actual time expended in the reasonable pursuit of Plaintiff's objectives in this case. While I do not have personal knowledge of the time expended by any person other than myself who entered their time for this matter, I have no reason to doubt the truth of the time reported and it is accurate to the best of my knowledge.

                                                        _____/s/ Elizabeth Hueber
                                                           Elizabeth Hueber

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues, and all said parties have consented and joined this motion. Further, I certify that a good faith effort to resolve issues by agreement occurred pursuant to Local Rule 7.3(b). In accordance with Defendants' requests, some entries were reduced from the form they were in on the Draft Motion (which are reflected now in this Motion), Defendants and Plaintiff were not able to come to an agreement.

                                                        _____/s/ Elizabeth Hueber
                                                           Elizabeth Hueber

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion for Attorneys Fees was sent via CM/ECF to Hongwei Shang on this 28th day of May 2015.

        J.H. Zidell, P.A.
        Attorney for Plaintiff
        300 71st Street, Suite 605
        Miami Beach, Florida 33141
        Tel: (305) 865-6766
        Fax: (305) 865 – 7167

        By: /s/ Elizabeth Hueber
        Elizabeth Hueber
        Florida Bar No.: 0073061

## SERVICE LIST

Hongwei Shang
The Law Office of Hongwei Shang, LLC
515 E Las Olas Boulevard
7350 SW 89th St Ste 100
Miami, FL 33156-7837
Phone: 786-581-9759
Fax: 786-581-9168
Email: hshanglaw@gmail.com
*Attorney for Defendants*