**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 14-62034-CIV-COHN/SELTZER**

ANGEL GABRIEL REYNOSO CHAVEZ, *and all*   )
*others similarly situated under 29 U.S.C. 216(B),*   )
   )
               Plaintiff,   )
     vs.   )
   )
DONG LE CORPORATION D/B/A SHINJU   )
JAPANESE BUFFET SUSHI SEAFOOD   )
HIBACHI GRILL, HAO CHEN,   )
   )
               Defendants.   )
_____ )

**DEFENDANTS' RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

Defendants, DONG LE CORPORATION D/B/A SHINJU JAPANESE BUFFET SHUSHI SEAFOOD HIBACHI GRILL and HAO CHEN, by and through the undersigned counsel, file this Defendants' Response in Opposition to Plaintiff's Motion for Attorneys' fees and in support state as follows:

1.      On April 29, 2015, Plaintiff's counsel sent an email to the undersigned counsel with the draft Plaintiff's Motion for Attorneys' fees and Attorneys' Fees List, a copy of which is attached hereto as **Exhibit A**.

2.      On May 19, 2015, the undersigned counsel sent an email to Plaintiff's counsel, objecting to the fees, a copy of which is attached hereto as **Exhibit B**. In the email, the undersigned counsel noted a lot of inconsistencies of the opposing counsel's time record, such as wrong dates, time records that were supposed to be by one attorney but entered under another attorney's name, double or triple time records by various attorneys for the same matter, and unreasonable time records based on the nature of the pleadings and legal issues.

1

3.      On May 26, 2015, Plaintiff's counsel emailed the undersigned counsel another updated time record, fixing the time records. A copy of the email and attached updated time record is attached hereto as **Exhibit C**. However, the updated time record still shows inconsistencies.

4.      Although Counsel for Plaintiff fixed the times these entries were supposedly to be entered in the updated time record, the problems regarding time records that were supposed to be by one attorney but entered under another attorney's name, double or triple time records by various attorneys for the same matter, and unreasonable time records based on the nature of the pleadings and legal issues remain the same as the first time entry. ***See* Exhibit B** regarding the inconsistencies.

5.      The fixing of the records also makes it difficult to determine whether these entries accurately reflect the times these attorneys actually spent on the case and whether some of the records were manually added and/or forged.

6.      The case is a small case with a judgment in the total amount of $7,600, and prior to February 26, 2015 when the judge denied the Election and Consent of Assignment of All Matters, Proceedings and Motions Through and Including Trial to United States Magistrate Judge, not much was done on the case.

7.      Notwithstanding the fact that it is a small case, around six attorneys were supposedly worked on the case, including around four or five inexperienced associates. As a result, there are double or triple time entries, and the case was used by senior attorneys such as J.H. Zidell to teach associates how to handle similar cases. There are even time entries where Mr. Zidell spent almost 10 hours meeting with associates on the case even though not much to be done or actually done.

8.      It is clear from the two time entries of Counsel for Plaintiff that the time entries are not reasonable, are fixed and not accurate, and do not meet the 12 factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

(1) **Time and Labor Required:** A review of the pleadings shows that not much was done on this case, and any supposed factual and legal disputes are not significant considering the amount of pleadings and judgment. Unlike the claim from Plaintiff's counsel that Defendants did not have employment records, all records were submitted to Plaintiffs' counsel at the beginning of the case. In addition, not much was done prior to the judge denying Election and Consent of Assignment of All Matters, Proceedings and Motions Through and Including Trial to United States Magistrate Judge on February 26, 2015. A significant amount of time allegedly spent by Plaintiff's counsel was due to their refusal to accept Plaintiff's offer of the attorney's fees, not because of Plaintiff's damages.

(2) **The novelty and difficulty of the questions:** There are no new issues or complex matters in the case. Counsel for Plaintiff focuses their practice on labor disputes, and nothing in the case involved novel or complex issues. Even if new and/or inexperienced attorneys at Counsel's office did not know some of the issues, time spent researching such issues should not be imputed to the Defendants as a competent attorney should be able to complete the work in a much shorter time and without supervision.

(3) **The skill required to perform the legal services properly:** There are no specialized area of law or complex issues of law and fact in the matter, nor did counsel for plaintiff give any example in their motion.

(4) **The preclusion of other employment by the attorney due to acceptance of the case:** Counsel never proactively worked on the case until the judge denied Election and Consent

of Assignment of All Matters, Proceedings and Motions Through and Including Trial to United States Magistrate Judge on February 26, 2015. Even after February 26, 2015, not much was done and Plaintiff quickly accepted our client's offer.

(5) **Customary fee in the community:** Although the hourly rate may be customary, it is not customary to double charge, fix and change time records, and having incompetent associates conduct unnecessary research.

(6) **The fee is fixed or contingent:** The fee, as Plaintiff's counsel admits, is contingent. This is also why counsel would not accept the offers Defendants made and spent significant amount of time after the last offer dated March 10, 2015. Such fees should be deducted.

(7) **Time limitations imposed by the client or circumstances:** No time limitation imposed by the client.

(8) **The amount involved and the results obtained:** The amount was only $7,600. Defendants made the offer on March 10, 2015, but Counsel for Plaintiff would not agree to the attorneys' fee offered, dragging the case longer. Based on the fact that Counsel for Plaintiff eventually accepted the offer, all time spent afterwards were not reasonable.

(9) **The experience, reputation, and ability of the attorneys:** There are allegedly six attorneys who worked on the case, and only one attorney, J.H. Zidell, Esq., is a senior attorney experienced in this type of cases. Many of his time records, however, reflect the fact that he was teaching young associates how to litigate a case instead of these attorneys capable of independent work on the case.

(10) **The "undesirability" of the case:** Plaintiff was a former employee of Defendants. It is meritless and disingenuous for Plaintiff's counsel to claim risk of malice on Defendants' side.

4

(11) **The nature and length of the professional relationship with the client:**
Defendants do not know the nature and length of the professional relationship between Plaintiff and Plaintiff's counsel.

(12) **Awards in similar cases:** No similar case in Defendants' knowledge; even if there is any similar case, the fees should be reasonable, not to be fixed, forged, double or triple charged by various attorneys on the same matter.

THEREFORE, Defendants respectfully request that this Court deny Plaintiff's Motion for Attorneys' Fee, determine the attorneys' fee on a reasonable basis, and award such other relief to Defendants as this Court deems appropriate.

Dated: June 15, 2015.

**RESPECTFULLY SUBMITTED,**

**THE LAW OFFICE OF HONGWEI SHANG, LLC**
7350 SW 89th Street, Suite 100
Miami, FL 33156
Phone: 305-670-5266
Fax: 305-670-5299
Email: hshanglaw@gmail.com

By: *S/Hongwei Shang*
Hongwei Shang, Esq.
*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

       I CERTIFY that a true and correct copy of the foregoing has been served on this 15th day of June, 2015 through the Court E-Filing System to:

J.H. Zidell, Esq (zabogado@aol.com)
Christopher Cochran (cnc02g@gmail.com)
Elizabeth O Hueber (elizabeth.hueber.esq@gmail.com)
J.H. Zidell P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141

                                    *S/Hongwei Shang*_____
                                      Hongwei Shang

# EXHIBIT A

The draft Plaintiff's Motion for Attorneys' fees and Attorneys' Fees List



Hongwei Shang <hshanglaw@gmail.com>

## 14-62034 Chavez v. Dong Le - Service of Court Documents

**Elizabeth Hueber** <elizabeth.hueber.esq@gmail.com>                      Wed, Apr 29, 2015 at 4:51 PM
To: Hongwei Shang <hshanglaw@gmail.com>, Julia Garrett <jgarrett.jhzidellpa@gmail.com>, Jhz
<zabogado@aol.com>

Case Name and Type: 14-62034 Chavez v. Dong Le Corporation

Document: Draft Motion for Attorneys Fees with Exhibit of Attorneys Fees

Date: 4/29/2015

Sender: Elizabeth O. Hueber

Ms. Shang,
Pursuant to Local Rule 7.3, I am sending you the draft Motion for Attorneys Fees. This is independent from
the costs filed today. We have to meet and confer within 21 days regarding your agreement or lack thereof
to these fees.



**2 attachments**

📄 **20150429 Motion for Attorneys Fees.pdf**
233K

📄 **Attorneys Fees List.pdf**
106K

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 14-62034-CIV-COHN/SELTZER**

ANGEL GABRIEL REYNOSO CHAVEZ *and all*   )
*others similarly situated under 29 U.S.C. 216(B)*   )
                                                      )
                    Plaintiff                         )
          vs.                                         )
                                                      )
DONG LE CORPORATION D/B/A SHINJU      )
JAPANESE BUFFET SUSHI SEAFOOD         )
HIBACHI GRILL and HAO CHEN,            )
                                                      )
                    Defendants                        )
_____

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

The Parties, by and through undersigned counsel, file this Motion for Attorneys' Fees and respectfully state as follows:

1. Defendant accepted Plaintiffs' Offer of Judgment dated March 10, 2015 on March 17, 2015 [D.E. 46; D.E. 46-1].

2. Defendants' Offer of Judgment was for  "$7,600, including all of Plaintiff's claims of relief [and] Reasonable attorneys' fees, litigation expenses and costs of suit incurred by Plaintiff in relation to this case to date."

3. This Court found that Plaintiff was entitled to seek attorneys' and costs, under the Offer of Judgment, pursuant to Local Rule 7.3 [DE 50].   The Court retained jurisdiction regarding those attorneys' fees and costs.

4. On April 29, 2015, Plaintiff filed a Motion for Costs and attached a Bill of Costs. Each cost was reasonable and necessary for the prosecution of Plaintiff's case.

**1** of **10**

5. Plaintiff is seeking Attorneys' Fees in this Motion for Attorneys Fees. While Plaintiff would normally be entitled to attorneys' fees after succeeding on the merits, in this case, Defendants agree to pay for Plaintiff's attorneys' fees in the offer of judgment. This give additional grounds in support of this Court awarding attorneys' fees.

6. Plaintiff seeks $**32,067.50** as attorney's fees as the prevailing party pursuant to the terms of the Offer of Judgment and 29 U.S.C. 216(b). The attorney's fees sought in this case are based on 108.4 hours of attorney work in this case in accordance with the following rate schedule. A breakdown of the attorney, hours worked, hourly rate, tasks conducted and date, and other relevant information is attached as "Exhibit A." A summary is listed as follows:

| Attorney | Initials | Hourly Rates | Total Hours Worked On The Case | Total Fees: |
|---|---|---|---|---|
| J.H. Zidell | JZ | $350/hr | 36.5 hours | $15,680.00 |
| Daniel Feld | DF[1] | $275/hr | 6.8 hours | $1,870.00 |
| David Kelly | KDK | $325/hr | 2.3 hours | $747.50 |
| Christopher Cochran | CC | $200/hr | 8.4 hours | $1,680.00 |
| Juliet Garrett | JG | $225/hr | 9.2 hours | $2,070.00 |
| Elizabeth Hueber | EH[1] | $275/hr | 36.5 hour | $10,020.00 |
| **Total** | | | **108.40 hours** | **$32,067.50** |

---

[1] Some entries were made by Mr. Daniel Feld, a former associate with J. H. Zidell, P.A, but are labeled as "EH". A technical limitation prevented Mr. Feld from entering all of his entries under his normal designation "DF." Said entries were entered under "EH", which should normally indicate the undersigned, "Elizabeth Hueber", but within them there is a notation stating "Daniel Feld." These noted entries were actually performed by Daniel Feld and not Elizabeth Hueber. The total time and amount billed are based on the designation and do not reflect this technical issue. Despite this confusing technical limitation, all time entries are accurate.

7. Plaintiff recognizes that many attorneys worked on this matter. This is normal practice in this firm, and represents the independent contribution from each attorney. "[A] client can recover for time spent by multiple attorneys on a case, so long as the attorneys' efforts are not unreasonably duplicative." Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc., 697 F. Supp. 2d 1349, 1368 (S.D. Fla. 2010).

8. The Court's own expertise is utilized to establish a reasonable fee and cost award in this case. Norman v. Housing Auth. Of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988).

9. The Eleventh Circuit in Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292 (11th Cir.1988), and Hensley v. Eckerhart, 461 U.S. 424 (1983), established that the "lodestar," method is used to determine a reasonable fee to be awarded to a prevailing Plaintiff, which is calculated by multiplying the number of hours reasonably expended in a litigation by a reasonable hourly rate. "While the "lodestar" method effectively replaced the balancing test previously prescribed by Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19, the twelve (12) Johnson factors "might still be considered in terms of their influence on the lodestar amount." Norman, 836 F.2d at 1299." James v. Wash Depot Holdings, Inc., 489 F. Supp. 2d 1341, 1346 (S.D. Fla. 2007).

10. The 12 factors set out in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974) are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of

the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

**(1)** **<u>Time and Labor Required:</u>** Litigating this case required the time and labor spent by Plaintiff's counsel as reflected in the billing records. A significant factual and legal dispute was at issue, as Defendants did not have employment records.  This matter was taken right until the eve of trial.

**(2)** **<u>The novelty and difficulty of the questions:</u>** While the issue of unpaid wages is not ordinarily a novel or complex issue, this case was more complex than the ordinary Fair Labor Standards Act Case. In a typical case, one can simply look at the pay records or time cards and determine the amount owed to Plaintiff. However, in the case at hand, Defendant failed to provide any actual time records. The failure by Defendant to maintain any records made this case more difficult. Furthermore, there was a factual and legal dispute as to the issue of set-off, applicability of payments for food and lodging.

**(3)** **<u>The skill required to perform the legal services properly:</u>** The litigation of this case required a moderate to high level of skill to prosecute this case, being that the matter was regarding a specialized area of federal law, the Fair Labor Standards Act, and this case turned on complex issues of law and fact in that area.

**(4)** **The preclusion of other employment by the attorney due to acceptance of the case:** Plaintiff's counsel is an office working at full capacity, and so every hour worked represents an hour not devoted to other matters.

**(5)** **Customary fee in the community:** The hourly rate of J.H. Zidell, Esq, $350/hr., David Kelly, Esq., $325/hr., Daniel Feld, Esq., and Elizabeth Hueber, Esq. at $275/hr. Juliet Garrett, Esq. at $225/hr, and Christopher Cochran at $200/hr., and are the reasonable rates for attorney's with the same amount of experience in the South Florida market.  Each attorney listed above has an hourly rate in proportion with his or her experience, from managing partner, J.H. Zidell, to partner level attorney, David Kelly, Esq., to senior associates Daniel Feld and Elizabeth Hueber, and associate and junior associate, Juliet Garrett and Christopher Cochran.  See *Bedoya* v. Aventura Limousine & Transp. Serv., Inc., 11-24432-CIV, 2013 WL 539259 (S.D. Fla. Feb. 13, 2013) (awarding $350/hr for attorneys with comparable skill to Mr. Zidell and Mr. Kelly) Medrano v. Mi Colombia Bakery, Inc., 2013 WL 1748403 (S.D. Fla. Jan. 10, 2013) (awarding lead attorney with comparable skills to Mr. Zidell and Mr. Kelly $375/hr and awarding an associate $250, stating that:

> This rate is consistent with the associate rate for a five or six year lawyer normally awarded in this District. *See, e.g .,* *X–Ray Supplies Inc. v. Southeastern X–Ray Inc.,* 2010 WL 4960959, at *2–3 (S.D.Fla. Dec.1, 2010) (finding a fifth-year associate's rate of $260 is reasonable); *Great Lakes Transp. Holding LLC v. Yellow Cab Service Corp. of Florida Inc.,* 2011 WL 4118234, at *2–3 (S.D.Fla. Sept.15, 2011) (finding a fifth-year associate's rate of $255 is reasonable).

Medrano v. Mi Colombia Bakery, Inc., 2013 WL 1748403 (S.D. Fla. Jan. 10, 2013)).

**(6)** **The fee is fixed or contingent**; The fee in the case at hand is contingent, demonstrating the risk associated with the taking of said case by Plaintiff's Counsel.

Therefore, if Plaintiff did not prevail, Plaintiff's counsel would not receive *any* compensation for their work on this case or the costs incurred in litigating this case. Somewhat ironically, the fact that this Court may reduce the attorneys fees' awarded for actual hours conducted is in and of itself a risk that Plaintiff's counsel accepted when litigating this case, and should be a factor in consideration for the lodestar analysis.

**(7) <u>Time limitations imposed by the client or circumstances;</u>** While there were no time limitations imposed by the client, the Court imposed time limitations for litigating this case (i.e. deadline to amend pleadings, deadline for discovery etc.). Therefore, Plaintiff's Counsel was required to perform said work within the deadlines imposed by the Court.

**(8) <u>The amount involved and the results obtained;</u>** Ordinarily, the amount recovered has no bearing on the fees awarded to a Plaintiff. See <u>Davis v. Locke</u>, 936 F.2d 1208, 1215 (11th Cir. 1991) (quoting <u>Rivera</u>, 477 U.S. at 574) ("'Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.'") "Given the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case.'" <u>Tyler v. Westway Auto. Serv. Ctr., Inc.</u>, Case No. 02-61667-CIV-DIMITROULEAS/TORRES, 2005 U.S. Dist. LEXIS 45771, *14 (S.D. Fla. Mar. 10, 2005). Although a court may consider the amount of damages recovered in awarding attorney's fees, it should also be mindful that to reduce a fee on this basis may "prevent individuals with relatively small claims from effectively enforcing their rights and protecting the interest of the public." <u>Hodgson v. Miller</u>

Brewing Co., 457 F.2d 221, 228-229 (7th Cir. 1972). Nevertheless, the result of obtained were significant, in light of the amounts claimed. While this may not seem like a significant amount of money ($7,600) the attorneys' fees were explicitly included as part of the offer of judgment.  In consideration of the contested and questionable liability, and that attorneys fees would be awarded as well, this is a successful result for Plaintiff.   Additionally, this ia classic case wherein "[t]he [defendant] cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." Heder v. City of Two Rivers, 255 F. Supp. 2d 947, 956 (E.D. Wis. 2003)  (quoting City of Riverside v. Rivera, 477 U.S. 561, 580-581, n. 11, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986)).

**(9)** **The experience, reputation, and ability of the attorneys;** J.H. Zidell, Esq. was the lead attorney on the case who performed a substantial amount of the work of this case. J.H. Zidell has been an attorney in the state of Florida since September 1994 and has tried many FLSA cases. Daniel T. Feld, Esq., was the attorney that tried this case and has been licensed to practice in the State of Florida since April, 2007 and has been practicing Labor and Employment Law for most of that time period, has second chaired several FLSA trials, attended numerous federal court hearings, written numerous successful motions including motions for summary judgment.  Elizabeth Hueber, Esq. has been licensed to practice law in the State of Florida since 2009, and has practiced federal trial work for most of her years of practice, including arguing federal court hearings, writing successful motions including motions for summary judgment, and contributing substantially to the underlying work of this case.   Karl David Kelly, Esq. has been admitted to practice in the State of Florida since October,

1997, has first chaired and successfully tried several FLSA cases, attended numerous federal court hearings, written numerous successful motions including Motions for Summary Judgment; Christopher Cochran, Esq., has been admitted to practice in the State of Florida since September 2010.  Julia Garrett has been practicing in the state of Florida since 2013.

**(10)** **The "undesirability" of the case;** This, like most FLSA cases regards circumstances where it is the employee's word against the employer.  Thus, there is always the risk of malice on either the Plaintiff or Defendant's side resulting in protracted litigation due to the nature of their relationship.

**(11)** **The nature and length of the   professional relationship with the client**; This was the only case that Plaintiff and counsel had together.

**(12)** **Awards in similar cases**; As noted above, Plaintiffs' counsel has been awarded similar rates in other cases. See; <u>Roldan v. Davis BanCorp, Inc</u>. Case No.: 11-20275 docket entry 158, footnote 8.

11. Therefore, **J.H. Zidell P.A.** requests and fee and costs award for a total **$32,067.50.**

12. The undersigned has reviewed all of the attorney fee data claimed herein in good faith and this motion is well grounded in fact.

Dated this _____ day of May, 2015.

> J.H. Zidell P.A.
> *Attorneys for Plaintiff*
> 300 71st Street, Suite 605
> Miami Beach, Florida 33141
> Tel: (305) 865-6766
> Fax: (305) 865-7167
>
> By: _/s/ Elizabeth Hueber _____
>     Elizabeth Hueber
>     Florida Bar No.: 73061

## **VERIFICATION**

I verify that the above is true and correct to the best and my knowledge.  The attached fee sheet was prepared by me based off of the reporting made by each reporting lawyer, and represents the actual time expended in the reasonable pursuit of Plaintiff's objectives in this case. I have no reason to doubt the truth of the time reported and it is accurate to the best of my knowledge.

_____/s/ Elizabeth Hueber
Elizabeth Hueber

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues, and all said parties have consented and joined this motion.

_____/s/ Elizabeth Hueber
Elizabeth Hueber

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion for Attorneys Fees was sent via CM/ECF to Hongwei Shang on this ___ day of ___2015.

J.H. Zidell, P.A.
Attorney for Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865 – 7167


By: /s/ Elizabeth Hueber
Elizabeth Hueber
Florida Bar No.: 0073061

## SERVICE LIST

Hongwei Shang
The Law Office of Hongwei Shang, LLC
515 E Las Olas Boulevard
7350 SW 89th St Ste 100
Miami, FL 33156-7837
Phone: 786-581-9759
Fax: 786-581-9168
Email: hshanglaw@gmail.com
*Attorney for Defendants*

Client Fees Listing

ALL DATES

| Date | Working Lawyer | Hours | Amount |
|------|----------------|-------|--------|
| Explanation | | | |
| **3/20/2015**   **JZ**   **- J.H. Zidell** | | **1.00** | **350.00** |
| client intake | | | |
| **9/4/2014**   **JZ**   **- J.H. Zidell** | | **0.50** | **175.00** |
| drafting complaint | | | |
| **9/4/2014**   **CC**   **- Christopher Cochran** | | **1.00** | **200.00** |
| Researched and skip-traced Defendants | | | |
| **9/4/2014**   **CC**   **- Christopher Cochran** | | **1.00** | **200.00** |
| calculated, drafted, and sent via certified mail FL state minimum wage notice letter | | | |
| **3/18/2015**   **JZ**   **- J.H. Zidell** | | **0.30** | **105.00** |
| review Court orders [D.E. 4] and [D.E. 5] and assign to associate counsel to comply with referral to mediation | | | |
| **3/18/2015**   **EH**   **- Elizabeth Hueber** | | **0.10** | **27.50** |
| by Daniel Feld: Draft Notice of appearance | | | |
| **3/18/2015**   **EH**   **- Elizabeth Hueber** | | **0.60** | **165.00** |
| by Daniel Feld: review file and draft Plaintiff's statement of claim | | | |
| **3/20/2015**   **JZ**   **- J.H. Zidell** | | **0.20** | **70.00** |
| review de 4 and note short time for discovery and pass to associate to timely complete discovery | | | |
| **3/18/2015**   **JZ**   **- J.H. Zidell** | | **0.10** | **35.00** |
| file return of summons | | | |
| **3/20/2015**   **JZ**   **- J.H. Zidell** | | **1.70** | **595.00** |
| analyze and review deft's letter and attachments as response to pltf's claim; review rental agreement and ,eal cost agreement in light of prevailing law from new floridian decision etc.. | | | |
| **3/18/2015**   **EH**   **- Elizabeth Hueber** | | **0.30** | **82.50** |
| By Daniel Feld: draft correspondence to Defendants' counsel and attach a copy of Plaintiff's statement of claim, the court's Order requiring the same, the court's scheduling Order and the court's order of referral to mediation | | | |
| **3/20/2015**   **JZ**   **- J.H. Zidell** | | **1.30** | **455.00** |
| file review and flmw notice complaince review and meet with associate to file amended complaint and amended statement of claim accordingly and to contact | | | |

Case 0:14-cv-62034-JIC   Document 54   Entered on FLSD Docket 06/15/2015   Page 20 of 50

| Date | Working Lawyer | Hours | Amount |
|------|----------------|-------|--------|
| Explanation | | | |

client about deft's letter and rental agreement

| **10/6/2014** | **CC  - Christopher Cochran** | **0.10** | **20.00** |
| --- | --- | --- | --- |

client communication after review of Defendants' September 22nd letter.

| **10/6/2014** | **CC  - Christopher Cochran** | **0.40** | **80.00** |

amended complaitn for Mr. Zidell

| **10/6/2014** | **CC  - Christopher Cochran** | **0.70** | **140.00** |

amended statement of claim

| **10/6/2014** | **CC  - Christopher Cochran** | **0.50** | **100.00** |

initial disclosures

| **10/6/2014** | **CC  - Christopher Cochran** | **0.20** | **40.00** |

notice of compliance with [DE 6]

| **10/6/2014** | **CC  - Christopher Cochran** | **0.70** | **140.00** |

initial discovery requests

| **10/6/2014** | **CC  - Christopher Cochran** | **0.20** | **40.00** |

noticing depositions

| **3/18/2015** | **JZ  - J.H. Zidell** | **0.50** | **175.00** |

review and analyze Defendants' answer and affirmative defenses

| **3/18/2015** | **EH  - Elizabeth Hueber** | **0.10** | **27.50** |

B Daniel Feld: read correspondence from Defenndants' Counsel re: selection of mediator (agreed to anny of the suggested mediators)

| **3/20/2015** | **JZ  - J.H. Zidell** | **0.30** | **105.00** |

review defendant answer to amended complaint and note invalid defenses asserted to flsa claim; note possible dispute as to flsa jurisdiction and whether defendant employed pltf and compare to original answer

| **3/18/2015** | **JZ  - J.H. Zidell** | **0.40** | **140.00** |

review Defendants' answer to Plaintifff's statement of claim

| **3/18/2015** | **EH  - Elizabeth Hueber** | **0.40** | **110.00** |

exchange 4 emails with Defendants' counse re complying with court order to mediate

| **3/18/2015** | **EH  - Elizabeth Hueber** | **0.30** | **82.50** |

by daniel feld: draft first noitcce of mediation (still need to select date certain for mediation)

| **3/20/2015** | **JZ  - J.H. Zidell** | **0.60** | **210.00** |

Case 0:14-cv-62034-JIC   Document 54  Entered on FLSD Docket 06/15/2015  Page 21 of 50

Client Fees Listing

ALL DATES

| Date | Working Lawyer | Hours | Amount |
|------|----------------|-------|--------|
| Explanation | | | |

file review and compre defts response to
amended statement of claim to original
response and note similarity of
response to both.

| 3/18/2015 | **EH** - **Elizabeth Hueber** | 0.20 | 55.00 |

by Daniel Feld: telephone call to
mediators office

| 3/18/2015 | **EH** - **Elizabeth Hueber** | 0.10 | 27.50 |

By Daniel Feld: draft email
correspondence to defendants' counsel

| 3/18/2015 | **EH** - **Elizabeth Hueber** | 0.10 | 27.50 |

by Daniel Feld: draft email
correspondence to defendants' counsel
re: mediation

| 3/18/2015 | **DF** - **Daniel Feld** | 0.40 | 110.00 |

draft notice of mediation and proposed
order

| 10/31/2014 | **CC** - **Christopher Cochran** | 0.10 | 20.00 |

conferral to re-notice deposition

| 3/20/2015 | **JZ** - **J.H. Zidell** | 1.20 | 420.00 |

file review and issue review for defts
depositions next week and meet with
associate re same

| 11/3/2014 | **KDK** - **David Kelly** | 0.60 | 195.00 |

REVIEW file and prepare for todays
deposition of corp representative,
draft questions re same.

| 11/3/2014 | **KDK** - **David Kelly** | 1.10 | 357.50 |

chavez: depose the following 30b6 Hao
Chen

| 11/3/2014 | **KDK** - **David Kelly** | 0.60 | 195.00 |

review file and depositions notes and
draft summary of deposition today and
include update re further depos needed
and email cocounsel re same.

| 3/20/2015 | **JZ** - **J.H. Zidell** | 0.20 | 70.00 |

review associate's summation of
depositions of deft corp trial court
reporter fee and note stip to
jurisdiction and plan to complete depos
of remaining witnesses

| 3/18/2015 | **EH** - **Elizabeth Hueber** | 1.30 | 357.50 |

by Daniel Feld: review and analyze
Defendants' responses to request for

Case 0:14-cv-62034-JIC   Document 54   Entered on FLSD Docket 06/15/2015   Page 22 of 50

Client Fees Listing

ALL DATES

| Date | Working Lawyer | Hours | Amount |
|---|---|---|---|
| Explanation | | | |

production, interrogatories and admissions

| 3/20/2015 | JZ   - J.H. Zidell | 1.30 | 455.00 |

review and alalyze deft's documentary production in response to rtp and tax returns and rog answers with pltf training raised and witness names and pass to associate to schedule depos of these disclosed witnesses and how rfa responses make jurisdiction discoverable here.

| 3/18/2015 | DF   - Daniel Feld | 0.80 | 220.00 |

Review file in preparation for mediation

| 3/18/2015 | EH   - Elizabeth Hueber | 2.60 | 715.00 |

by Daniel Feld: research case law on cost credit for room and board as it applies to the facts of this case in preparation for mediation

| 3/20/2015 | JZ   - J.H. Zidell | 1.10 | 385.00 |

file review and valuation review for mediation tomorrow and meet with associate counsel to preparation of for setoff issue in case it comes up at mediation

| 3/18/2015 | DF   - Daniel Feld | 2.50 | 687.50 |

Meet with client prior to mediation and attend mediation

| 3/18/2015 | EH   - Elizabeth Hueber | 0.50 | 137.50 |

by Daniel Feld: Meet with client following mediation

| 3/18/2015 | EH   - Elizabeth Hueber | 0.50 | 137.50 |

by Daniel Feld: review and analyze defendants' offer of judgment and compare to statement of claim

| 3/18/2015 | EH   - Elizabeth Hueber | 0.50 | 137.50 |

By Daniel Feld: Conference with J.H. Zidell re: defendants' offer at mediation compared to offer of judgment and merits of Defendants' claim for a cost credit

| 3/18/2015 | JZ   - J.H. Zidell | 0.20 | 70.00 |

telephone call to Plaintiff to conevy offfer of judgment; offer was rejected by Plaintiff

Case 0:14-cv-62034-JIC   Document 54   Entered on FLSD Docket 06/15/2015   Page 23 of 50

Client Fees Pleading

ALL DATES

| Date | Working Lawyer | Hours | Amount |
|------|----------------|-------|--------|
| Explanation | | | |

---

| **3/20/2015** | **JZ   - J.H. Zidell** | **0.90** | **315.00** |
|---|---|---|---|
| conference with associate as to need to file second amended complaint to add indiv defendant and plan to do so asap. | | | |
| **11/13/2014** | **CC   - Christopher Cochran** | **0.10** | **20.00** |
| call a 9:59 am to confer on motion for leav to amend; they oppose | | | |
| **11/13/2014** | **CC   - Christopher Cochran** | **0.30** | **60.00** |
| drafted second amended complaint to allege Hao Chen as a defendant | | | |
| **11/13/2014** | **CC   - Christopher Cochran** | **0.50** | **100.00** |
| motion for leave to file and amended complaint and proposed order | | | |
| **3/20/2015** | **JZ   - J.H. Zidell** | **0.20** | **70.00** |
| relay OJ to Client for $1564 plus fees and rejected by Client; inter-office conf in re; with associate brief as to this. | | | |
| **11/17/2014** | **CC   - Christopher Cochran** | **0.30** | **60.00** |
| e-mail on follow-up deposition dates | | | |
| **11/17/2014** | **CC   - Christopher Cochran** | **0.10** | **20.00** |
| responded to Defensen counsel's email on follow-up dates. | | | |
| **11/18/2014** | **CC   - Christopher Cochran** | **0.10** | **20.00** |
| received counsel's refusal to provide witness addresses. | | | |
| **11/18/2014** | **CC   - Christopher Cochran** | **0.60** | **120.00** |
| response email on depositions. Reminded her of Rule 26 disclosure requirement. | | | |
| **11/26/2014** | **CC   - Christopher Cochran** | **0.40** | **80.00** |
| follow-up email on deposition dates | | | |
| **11/26/2014** | **CC   - Christopher Cochran** | **0.40** | **80.00** |
| review of discovery responses | | | |
| **11/26/2014** | **CC   - Christopher Cochran** | **0.10** | **20.00** |
| noticed Defendant individually for deposition in the mean time. | | | |
| **3/18/2015** | **DF   - Daniel Feld** | **2.00** | **550.00** |
| review file in preparation for depositions tomorrow and draft deposition questions | | | |
| **3/20/2015** | **JZ   - J.H. Zidell** | **0.80** | **280.00** |
| file and docket review and breif meet w associate about deft depos tomorrow | | | |
| **3/18/2015** | **DF   - Daniel Feld** | **1.10** | **302.50** |

Case 0:14-cv-62034-JIC   Document 54   Entered on FLSD Docket 06/15/2015   Page 24 of 50

Client Fees Pending

ALL DATES

| Date | Working Lawyer | Hours | Amount |
|------|----------------|-------|--------|
| Explanation | | | |

take depositions of Hao Chen and Wei Ding

| **12/11/2014   CC** | **- Christopher Cochran** | **0.30** | **60.00** |
|---|---|---|---|
| filed second amended complaint on Mr. Zidell's behalf | | | |

| **12/11/2014   CC** | **- Christopher Cochran** | **0.20** | **40.00** |
|---|---|---|---|
| notice of filing proposed amended summonses | | | |

| **12/17/2014   CC** | **- Christopher Cochran** | **0.10** | **20.00** |
|---|---|---|---|
| forwarded discovery requests to dan feld to take over. | | | |

| **3/20/2015   JZ** | **- J.H. Zidell** | **0.90** | **315.00** |
|---|---|---|---|
| meet with associate as to remaining issues after cochran no longer here and file review | | | |

| **1/5/2015   JG** | **- Julia Garrett** | **0.50** | **112.50** |
|---|---|---|---|
| Review documents and prepped notes for docs and information client needs to bring to meeting at office tomorrow. | | | |

| **3/18/2015   JZ** | **- J.H. Zidell** | **0.60** | **210.00** |
|---|---|---|---|
| review and analyze defendants' answer and affimrtive defenses and compare to first answer and affirmtive defenses | | | |

| **3/20/2015   JZ** | **- J.H. Zidell** | **1.20** | **420.00** |
|---|---|---|---|
| file review and meet w associate to preparation of for pltf to answer written discovery tomorrow. | | | |

| **1/6/2015   JG** | **- Julia Garrett** | **0.30** | **67.50** |
|---|---|---|---|
| Formatted documents and drafted email to opposing counsel delivering Responses to Request for Production and Interrogatories. | | | |

| **1/6/2015   JG** | **- Julia Garrett** | **3.50** | **787.50** |
|---|---|---|---|
| Drafted responses to Defendant's First Set of Interrogatories with Plaintiff. Reviewed document with supervising attorney. | | | |

| **3/18/2015   EH** | **- Elizabeth Hueber** | **1.00** | **275.00** |
|---|---|---|---|
| by Daniel Feld: review interrogatories prepared by associate counsel, draft edits and corrections and conference with associate counsel regarding edits and corrections | | | |

| **3/20/2015   JZ** | **- J.H. Zidell** | **1.60** | **560.00** |
|---|---|---|---|
| meet with client and associate counsel | | | |

Case 0:14-cv-62034-JIC   Document 54   Entered on FLSD Docket 06/15/2015   Page 25 of 50

Client Fees Listing

ALL DATES

| Date | Working Lawyer | Hours | Amount |
|------|----------------|-------|--------|
| Explanation | | | |

to review pltf's answeers to deft's written discovery.

**1/26/2015    JG   - Julia Garrett**        0.20    45.00
drafted and filed NOA

**3/20/2015    JZ   - J.H. Zidell**        0.80    280.00
docket review and file review as to complinace with pretrial order.

**3/18/2015    EH   - Elizabeth Hueber**        0.20    55.00
byy Daniel Feld: Conference with associate Steve Fraser re: getting tot he consent to magistrate form filed

**3/20/2015    JZ   - J.H. Zidell**        1.90    665.00
meeting with associate to review for trial next month and constraints considering other trials and absence for fam vacation and plan to preparation of for trial and explore Mag Judge consent with Opposing counsel to get special set trial date. Identify witnesses to subpoena and plan trial preparation of meetings with Pltf.

**3/18/2015    EH   - Elizabeth Hueber**        0.10    27.50
By Daniel Feld: follow up with associate counsel as to why the consent to magistrate form had not yet been filed

**3/20/2015    JZ   - J.H. Zidell**        0.10    35.00
meet associate to review status of consent to Mag Judge

**3/20/2015    JZ   - J.H. Zidell**        0.40    140.00
meet associate to review plan to preparation of for trial in light on denial for referral to Mag Judge

**3/18/2015    EH   - Elizabeth Hueber**        3.10    852.50
by daniel feld: review file and prepare a draft pretrial stipulation to be filed by associate counsel

**3/20/2015    JZ   - J.H. Zidell**        0.10    35.00
meet assocaite for filing of motion to be excused for 2 days of trial period in light of family passover travel plans

**3/20/2015    JZ   - J.H. Zidell**        2.90    1015.00
file review for all matters to include in pretrial stip. inter-office conf in re; with associate as to getting draft

Case 0:14-cv-62034-JIC   Document 54   Entered on FLSD Docket 06/15/2015   Page 26 of 50
Client Fees Listing

ALL DATES

| Date | Working Lawyer | Hours | Amount |
|---|---|---|---|
| Explanation | | | |

to Opposing counsel this week; exhibit
review and witness review ; client
contact for witness addresses

| 3/2/2015 | JG  - Julia Garrett | 0.50 | 112.50 |
|---|---|---|---|

reviewed Motion to Modify Trial Schedule
and Proposed Order, edited, and filed,
and emailed proposed order to Judge

| 3/20/2015 | JZ  - J.H. Zidell | 0.80 | 280.00 |
|---|---|---|---|

meet with associate as to progress of
preparation of of pts and witness
subpoenas

| 3/20/2015 | JZ  - J.H. Zidell | 2.70 | 945.00 |
|---|---|---|---|

file organization for trial and meet
with associate to have this file trial
ready by 03.14.15

| 3/13/2015 | JZ  - J.H. Zidell | 0.30 | 105.00 |
|---|---|---|---|

[steve fraser] receipt and review file;
analyze order granting motion to be
execused from trial; udpate file notes

| 3/17/2015 | JZ  - J.H. Zidell | 4.80 | 1680.00 |
|---|---|---|---|

review for trial and diff
calculationsfor pltfs damages if credit
is given for any lodging or food ,
exhibit review for trial

| 3/17/2015 | EH  - Elizabeth Hueber | 0.70 | 192.50 |
|---|---|---|---|

General case review.

| 3/20/2015 | JZ  - J.H. Zidell | 0.30 | 105.00 |
|---|---|---|---|

call to client about trial preparation
of dates and settlement demand

| 3/20/2015 | JZ  - J.H. Zidell | 2.90 | 1015.00 |
|---|---|---|---|

meet with associate and review in limine
issues that must be filed for trial on
waiver of cost credit and no evidence
to substantiate cost credit under
prevailing law as well as invalid flsa
defenses in answer as to estoppel
etc... plan with associate timely
filing of motion in limine with pts
and further

| 3/17/2015 | EH  - Elizabeth Hueber | 4.00 | 1100.00 |
|---|---|---|---|

Preparation of Motion in Limine in
regard to particular evidence brought
by opposing side.

| 3/17/2015 | EH  - Elizabeth Hueber | 2.50 | 687.50 |
|---|---|---|---|

Case 0:14-cv-62034-JIC   Document 54   Entered on FLSD Docket 06/15/2015   Page 27 of 50
Client Fees Listing
ALL DATES

| Date | Working Lawyer | Hours | Amount |
|------|----------------|-------|--------|
| Explanation | | | |

Performed research in regard to
potential grounds for Motion in Limine.

| 3/17/2015 | **EH   - Elizabeth Hueber** | **0.50** | **137.50** |
|---|---|---|---|

Continued case review and preparation in
regard to evidence; review of case file
for objectionable issues.

| 3/9/2015 | **JG   - Julia Garrett** | **4.00** | **900.00** |
|---|---|---|---|

trial preparation, witness list,
pretrial stip draft, and discussed with
EH and supervising atty JZ

| 3/11/2015 | **EH   - Elizabeth Hueber** | **0.50** | **125.00** |
|---|---|---|---|

Prepared subpoenas for trial for
witnesses (3).

| 3/11/2015 | **EH   - Elizabeth Hueber** | **0.20** | **50.00** |
|---|---|---|---|

Performed case review and internet
research regarding locations of
witnesses.

| 3/11/2015 | **EH   - Elizabeth Hueber** | **0.20** | **55.00** |
|---|---|---|---|

Conference with Opposing counsel
regarding settlement.

| 3/11/2015 | **EH   - Elizabeth Hueber** | **0.30** | **82.50** |
|---|---|---|---|

Activities regarding settlement,
including review of file, attorneys
fees, and conference with managing
attorney.

| 3/20/2015 | **JZ   - J.H. Zidell** | **3.20** | **1120.00** |
|---|---|---|---|

inter-office conf in re; with associate
as to urgency of getting pts draft to
opposing counsel forthwith; verify
witness subpoenas for trial, review
defendants depos in preparation of for
trial

| 3/17/2015 | **EH   - Elizabeth Hueber** | **2.20** | **605.00** |
|---|---|---|---|

Collaboration with J. Garret regarding
trial preparation, including the
drafting of a trial stipulation.

| 3/17/2015 | **EH   - Elizabeth Hueber** | **0.40** | **110.00** |
|---|---|---|---|

Reviewed deposition of Hao Chen.

| 3/9/2015 | **JG   - Julia Garrett** | **0.20** | **45.00** |
|---|---|---|---|

phone call with client

| 3/11/2015 | **EH   - Elizabeth Hueber** | **0.30** | **82.50** |
|---|---|---|---|

Correspondences between Opposing counsel
regarding settlement, pre-trial
statement.

Case 0:14-cv-62034-JIC   Document 54   Entered on FLSD Docket 06/15/2015   Page 28 of 50

Client Fees Listing

ALL DATES

| Date | Working Lawyer | Hours | Amount |
|------|----------------|-------|--------|
| Explanation | | | |
| **3/17/2015**   **EH   - Elizabeth Hueber** | | **0.30** | **82.50** |
| Attempted contacts regarding trial stipulation with opposing counsel (3) | | | |
| **3/11/2015**   **EH   - Elizabeth Hueber** | | **0.10** | **27.50** |
| Review of correspondence regarding settlement, response to Opposing counsel | | | |
| **3/20/2015**   **JZ   - J.H. Zidell** | | **0.20** | **70.00** |
| relay OJ to client for his consideration and he will let me know | | | |
| **3/11/2015**   **EH   - Elizabeth Hueber** | | **0.20** | **55.00** |
| Reviewed e-mails and prepared response to opposing counsel regarding potential settlement, pre-trial stipulation. | | | |
| **3/11/2015**   **EH   - Elizabeth Hueber** | | **0.20** | **55.00** |
| Drafted statement to Opposing counsel regarding pre trial stipulation. | | | |
| **3/11/2015**   **EH   - Elizabeth Hueber** | | **0.10** | **27.50** |
| Review of Corespondence with opposing counsel. | | | |
| **3/11/2015**   **EH   - Elizabeth Hueber** | | **0.80** | **220.00** |
| Preparation and drafting of exhibit list. | | | |
| **3/11/2015**   **EH   - Elizabeth Hueber** | | **0.80** | **220.00** |
| Preparation and drafting of witness list. | | | |
| **3/17/2015**   **EH   - Elizabeth Hueber** | | **0.10** | **27.50** |
| Review of opposing counsel's proposed stipulation, exhibit list, witness list. | | | |
| **3/17/2015**   **EH   - Elizabeth Hueber** | | **0.90** | **247.50** |
| Collaborated with opposing counsel on appropriate language for modifications to pretrial stipulation; made multiple revisions of same. | | | |
| **3/17/2015**   **EH   - Elizabeth Hueber** | | **1.70** | **467.50** |
| Preparation of research in regard to issue of witness disclosure. | | | |
| **3/17/2015**   **EH   - Elizabeth Hueber** | | **0.40** | **110.00** |
| Reviewed deposition of Wei Ding. | | | |
| **3/17/2015**   **EH   - Elizabeth Hueber** | | **0.30** | **82.50** |
| Interoffice conferences regarding status of Offer of Judgment. | | | |
| **3/20/2015**   **JZ   - J.H. Zidell** | | **0.20** | **70.00** |
| confirmation from Client that he will | | | |

Case 0:14-cv-62034-JIC   Document 54   Entered on FLSD Docket 06/15/2015   Page 29 of 50

Client Fees Listing

ALL DATES

| Date | Working Lawyer | Hours | Amount |
|------|----------------|-------|--------|

Explanation

---

accept recent OJ

| **3/17/2015** | **EH  - Elizabeth Hueber** | **0.20** | **55.00** |

Continued corresponding with opposing
counsel in search of resolution.

| **3/17/2015** | **EH  - Elizabeth Hueber** | **0.30** | **82.50** |

Reviewed and corresponded regarding
settlement discussions.

| **3/17/2015** | **EH  - Elizabeth Hueber** | **0.30** | **82.50** |

Prepared voir dire instructions.

| **3/17/2015** | **EH  - Elizabeth Hueber** | **1.50** | **412.50** |

Performed legal research on the issue of
a Rule 68 timing, enforceability.

| **3/17/2015** | **EH  - Elizabeth Hueber** | **0.50** | **137.50** |

Drafted mini-memorandum on Rule 68
applicability, pitfalls and risks.

| **3/20/2015** | **JZ   - J.H. Zidell** | **0.30** | **105.00** |

inter-office conf in re; with client
about status of case after notifying
Courtof acceptance of OJ and will
advise if trial cancelled and later 2nd
call to client advising that trial was
cancelled and how case will conclude

| **3/17/2015** | **EH  - Elizabeth Hueber** | **0.20** | **55.00** |

Contacted court regarding settlement;
contacted opposing counsel regarding
same and calendar call.

| **3/17/2015** | **EH  - Elizabeth Hueber** | **1.20** | **330.00** |

Prepared Motion to cancel calendar call.

| **3/17/2015** | **EH  - Elizabeth Hueber** | **0.10** | **27.50** |

Contacted opposing counsel regarding
canceling calendar call.

| **3/17/2015** | **EH  - Elizabeth Hueber** | **0.10** | **27.50** |

Conference with Court regarding calendar
call.

| **3/30/2015** | **EH  - Elizabeth Hueber** | **0.30** | **82.50** |

Collaborated with Opposing Counsel
regarding agreement.

| **3/30/2015** | **EH  - Elizabeth Hueber** | **0.40** | **110.00** |

Edited and created final draft of
judgment documents.

| **3/30/2015** | **EH  - Elizabeth Hueber** | **0.20** | **55.00** |

Prepared and delivered orders to Court.

| **4/27/2015** | **EH  - Elizabeth Hueber** | **0.10** | **27.50** |

Reviewed correspondence from opposing

Client Fees Listing

ALL DATES

| Date | Working Lawyer | Hours | Amount |
|------|----------------|-------|--------|
| Explanation | | | |

counsel and prepared a response in
regard to settlement.

| **4/27/2015** | **EH   - Elizabeth Hueber** | **0.20** | **55.00** |
|---|---|---|---|

Prepared extended response to opposing
parties' refusal to pay judgment.

| **4/27/2015** | **EH   - Elizabeth Hueber** | **0.30** | **82.50** |

Prepared extended response to opposing
parties' refusal to comply with
judgment.

| **4/27/2015** | **EH   - Elizabeth Hueber** | **0.30** | **82.50** |

Performed research as to lawful methods
of collection.

| **4/27/2015** | **EH   - Elizabeth Hueber** | **0.20** | **55.00** |

Prepared extended response to opposing
parties' refusal to comply with
judgment.

| **4/27/2015** | **EH   - Elizabeth Hueber** | **0.20** | **55.00** |

Prepared extended response to opposing
parties' refusal to comply with
judgment.

| **4/27/2015** | **EH   - Elizabeth Hueber** | **0.20** | **55.00** |

Prepared extended response to opposing
parties' refusal to comply with
judgment.

| **4/27/2015** | **JZ   - J.H. Zidell** | **5.80** | **2030.00** |

ledger review and draft fee motion
pursuant to OJ

```
                         Unbilled: 108.00  32067.50
                           Billed:   0.00      0.00
                            Total: 108.00  32067.50
                   Percent Billed:   0.00      0.00
```

*** Summary by Working Lawyer ***

| Working La | ——————Hour—————— | | | | ——————Fee—————— | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Unbill | Firm | Billed | Firm | Total | % Bl | Unbill | Firm | Billed | Firm | Total | % Bl |
| EH  - Eli | 36.50 | 33.8 | 0.00 | 100. | 36.50 | 0.00 | 10020. | 31.2 | 0.00 | 100. | 10020. | 0.00 |
| JZ  - J.H | 14.80 | 11.4 | 0.00 | 100. | 14.80 | 0.00 | 5680. | 18.9 | 0.00 | 100. | 5680. | 0.00 |
| CC  - Chr | 8.40 | 7.78 | 0.00 | 100. | 8.40 | 0.00 | 680.0 | 5.24 | 0.00 | 100. | 680.0 | 0.00 |
| DF  - Dar | 6.80 | 6.30 | 0.00 | 100. | 6.80 | 0.00 | 870.0 | 5.83 | 0.00 | 100. | 870.0 | 0.00 |
| JG  - Jul | 9.20 | 8.52 | 0.00 | 100. | 9.20 | 0.00 | 1070.0 | 5.46 | 0.00 | 100. | 1070.0 | 0.00 |
| KDK - Dav | 2.30 | 2.13 | 0.00 | 100. | 2.30 | 0.00 | 47.50 | 2.33 | 0.00 | 100. | 47.50 | 0.00 |
| **Firm Total** | **108.0** | **100.** | **0.00** | **100.** | **108.0** | **0.00** | **32067.** | **100.** | **0.00** | **100.** | **32067.** | **0.00** |

Case 0:14-cv-62034-JIC   Document 54   Entered on FLSD Docket 06/15/2015   Page 31 of 50

Client Fees Listing
ALL DATES

Date          Working Lawyer              Hours   Amount
Explanation

---

### *** Summary by Responsible Lawyer ***

| Responsibl | Hour | | | | Fee | | | |
|---|---|---|---|---|---|---|---|---|
| | Unbill | Firm | Billed | Firm | Total % Bl | Unbill | Firm | Billed | Firm | Total % Bl |
| JZ - J.F | 08.0 | 00. | 0.00 | 00. | 08.0 | 0.00 | 2067. | 00. | 0.00 | 00. | 2067. | 0.00 |
| **Firm Total** | **08.0** | **00.** | **0.00** | **00.** | **08.0** | **0.00** | **2067.** | **00.** | **0.00** | **00.** | **2067.** | **0.00** |

---

REPORT SELECTIONS - Client Fees Listing
Layout Template              ATTY FEE REPORT
Advanced Search Filter       None
Requested by                 EH
Finished                     Wednesday, April 29, 2015 at 04:14:26 PM
Ver                          14.0 (14.0.20140923)
Date Range                   ALL DATES
Matters                      14-62034
Clients                      All
Major Clients                All
Client Intro Lawyer          All
Matter Intro Lawyer          All
Responsible Lawyer           All
Assigned Lawyer              All
Type of Law                  All
Select From                  Active, Inactive, Archived Matters
Matters Sort by              Default
New Page for Each Lawyer     No
Firm Totals Only             No
Client balances only         No
Matter balances only         No
Entries Shown - Billed On.   Yes
Entries Shown - Unbilled     Yes
Entries Shown - Billable     Yes
Entries Shown - Write Up/    Yes
Entries Shown - No Charge    Yes
Entries Shown - Non Billal   Yes
Working Lawyer               All

# EXHIBIT B

May 19, 2015 Email to Plaintiff's Counsel Objecting to the Fees



Hongwei Shang <hshanglaw@gmail.com>

---

## Attorneys Fees and Costs

---

**Hongwei Shang** <hshanglaw@gmail.com>                          Tue, May 19, 2015 at 7:26 PM
To: Elizabeth Hueber <elizabeth.hueber.esq@gmail.com>

Elizabeth,

Regarding your bills, first of all, the dates are confusing, some entries seemed to have not been entered
initially but was added later manually; therefore, it may not truthfully reflect the time spent. For example, on
the first page, first entry, client intake was on March 30, 2015 while by then the case was almost closed.
From the fifth entry down to the bottom of the first page, they are all after March 18, 2015. By then, you
already accepted our client's offer. There are many other entries that do not correspond to the time such
matters were supposed to be prepared, and it came back to 2014 then 2015 again and again. Other client will
not pay forged nor unreasonable entries.

Even if the dates were wrong and you did not intentionally forge record, the following are not reasonable:

(1) 09/14/2014, CC-Christopher Cochran, Researched and skip traced defendants. 1 hr.
Our objection: It is very easy to know where our client is located and what is the name of the corporation
from Sunbiz.com. 5 minutes is way enough.

(2) 03/18/2014, EH-Elizabeth Hueber by Daniel Feld: review file and draft Plaintiff;s statement of claim. 0.6
hr.
Our objection: the statement of claim is only 1 page. The complaint and the demand letter already listed
almost all numbers.It took at most 20 minutes to complete.

(3) 03/18/2015, JZ-J.H. Zidell, 0.3: review court orders (D.E. 4] and [D.E. 5) and assign to associate counsel
to comply with referral to mediation. 0.3.
Our objection: first, the date was wrong, and the case was almost over by then. Even if it would be
03/18/2014, it was wrong, as the case was not filed until September 11, 2014.

(4) 03/18/2015, JZ-J.H. Zidell, 0.1 hr. file return of summons.
Our objection: the summons was issued long before that.

(5) 03/20/2015, JZ-J.H. Zidell,  analyze and review deft's letter and attachments as response to pltf's claims
etc. 1.7 hr.
Our objection: the time is not right. We filed it on October 13, 2014, and by March 20, 2015, the case was
almost closed. Even if the date was mistaken, the time used is not reasonable. A review of the response
only takes about 10 to 20 minutes. JZ has done this type of cases for many years and it is not reasonable
for him to spend a lot of time researching re rental or meal agreements.

(6) 03/18/2015, Daniel Feld  Draft correspondence to Defendants' counsel etc. 0.3 hr.
Our objection: time is wrong. An email takes only about 5 minutes.

(7) 03/20/2015, JZ  File review .. meet with associates to file amended complaint. 1.30 hrs.
Our objection: Time is wrong. It also does not take much time to review the file if it was done prior to the
amended complaint. Not much has been done yet. We only filed an answer by then. I am afraid the time was
spent discussing various cases with the associates.

(8) 03/18/15 JZ review and analyze Defendants' answer and affirmative defenses 0.5 hr.
Our objection: time is wrong. The Answer and affidavit defenses only contain three pages in the main
content. It took at most 10 minutes to finish reviewing.

(9) 03/18/15, EH by Daniel Feld: read correspondence ... 0.1 hr.
Our objection: Time is wrong.

(10) 03/20/15 JZ review defendant answer to amended complaint ... 0.3 hr.
Our objection: Time is wrong. Case was closed by then.

(11) 03/18/15. JZ reviewed Defendants' answer to Plaintiff's statement of claim 0.4 hr.
Our objection: Time is wrong. Case was almost closed.

(12) 03/18/2015. EH exchange 4 emails with Defendant's counsel re complying with court order to mediate 0.4
Our objection: I did not see four emails from you on March 18, 2015,nor did I see 4 emails from anyone else from your firm on said date.

(13) 03/18/2015 EH by daniel feld: draft first notice of mediation ,.. 0.3 hr.
Our objection: Date is wrong.

(14) 03/20/2015 JZ file review and compre defts response to amended statement of claim to original response and note similarity of response to both. 0.6 hr.
Our objection: Date is wrong. Case was closed by then. He already reviewed them and even if he wanted to compare, it would only take at most 10 minutes as they are almost the same.

(15) 03/18/2015 EH by daniel feld. 0.2. hr. telephone call to mediators office.
Our objection: calls can be done by paralegal or legal assistant. Why did not Mr. Feld enter his own entries while it was entered by you later?

(16) 03/18/2015 EH by Daniel Feld: draft email … 0.10 hr.
Our objection: I did not see any email from Mr. Feld on that date.

(17) 03/20/2015 JZ file review and issue review for defts depositions next week and meet with associate re same. 1.2 hr.
Our objection: there was no depo after 03/20/2015. Even if the date was mistaken, a conference with associate does not take such a long time. At most 30 minutes.

(18) 03/20/2015, JZ rveiwe associate's summation of depositions of deft corp…0.2 hr.
Our objection: Date is wrong.

(19) 03/18/2015, EH by Daneil Feld Review and analyze Defendants' responses to request for production, interrogatories and admissions. 1.3 hr.
Our objection: Date is wrong. This entry is also repetitive entry and the same as JZ's entry below. It does not take long to review the documents because not much documents were produced, just the income tax returns and time records of Plaintiff which your firm already had. The answers to interrogatories and admission are not complicated to comprehend. At most, it would take 30 minutes to review.

(20) 03/20/2015, JZ review and analyze deft's documentary production in response to rtp and tax returns and rog answers … 1.3 hrs.
Our objection: Date is wrong. This entry is almost the same as Mr. Feld's. It also does not take much time to review, at most 30 minutes.

(21) 3/18/2015, DF review file in preparation for mediation. 0.8 hr.
Our objection: Date is wrong.  All his entries seem to have entered  since almost all dates do not make any sense, so as JZ's.

(22) 03/18/2015 EH by Daniel Feld: research case law on cost credit for room and board as it applies to the facts of this case in preparation for mediation. 2.6 hrs.
Our objection: Date is wrong. He already has an entry stating he was preparing for mediation. Which entry is correct?

(23) 03/20/2015 JZ file review and valuation review for mediation tomorrow … 1.10 hr.
Our objection: Date is wrong. It does not take much time to review the file and discuss with associate for just set-off issues. At most, it would take 30 minutes to explaining all.

(24) 03/18/2015 DF meet with client prior to mediation and attend mediation. 2.5 hrs.
Our objection: Date is wrong. Who entered the entries? We would like to see his handwritten time records to see whether these entries were correct or forged. We would also like to se JZ's handwritten records if any.

(25) 03/18/2015 EH by Daniel Feld, meet with client after mediation. 05. hr.
Our objection: Again time is wrong.

(26) 03/18/2015 EH by Daniel Feld, review and analyze defendants' offer of judgment … 0.5 hr.
Our objection: Date is wrong. Time is not reasonable as the offer is very simple and the statement of claim

has also been reviewed many times. At most, 10 minutes would suffice.

(27) 03/18/15 JZ telephone call to Plaintiff... 0.20 hr.
Our objection: Time is wrong.

(28) 03/20/15 JZ conference with associate as to need to file second amended comlaint ... 0.9 hr.
Our objection: Time is wrong. If he needed to tell associate to add indiv defendant, one or two sentences will be enough, not longer than 10 minutes. He may have discussed other matters with associates, not just his case.

(29) 03/20/15 JZ relay OJ to client for $1564 ... 0.2 hr.
Our objection: time is wrong. He already entered 0.2 hrs. for talking to client before.

(30) 03/18/2015 DF review file in preparation for depositions ...2 hrs.
Our objection: Time is wrong.

(31) 03/20/2015 JZ file and docket review and brief meet w associate about deft depos tomorrow. 0.8 hr.
Our objection: Time is wrong. The time entry for depo was 03/18/15, even though that date was wrong too.

(32) 03/18/15 DF take deposition of Hao Chen and Wei Ding 1.1 hr.
Our objection: Date is wrong.

(33) 03/20/15 JZ meet with associate as to remaining issues after cochran no longer here and file review. 0.9 hr.
Our objection: Date is wrong.

(34) 03/18/15 JZ review and analyze defendants' answer and affirmative defenses ...0.6 hrs.
Our objection: how many times did he need to review a case, and the time is not reasonable for a seasoned attorney like JZ.

(35) 01/06/2015 JG Drafted responses to Defendant's First Set of Interrogatories with Plaintiff. Reviewed document with supervising attorney. 3.5 hrs.
Our objection: The time spent is not reasonable considering the amount of information provided by the plaintiff in the answer. It is not right to learn everything from the very beginning and have someone correct it later. At most, it should only take about 1 hr. to complete.

(36) 03/18/2015 Eh by Daniel Feld: review interrogatories prepared by associate counsel, daft edits and corrections and conference with associate counsel regarding edits and corrections. 1 hr.
Our objection: Time is wrong. Again, it is not right for double entries so that the associate will learn something instead of competently preparing the documents on his or her own.

(37) 03/20/2015 JZ meet with client and associate counsel to review pltf's answers to deft's written discovery. 1.6 hrs.
Our objection: Time is wrong. This is another double entry where one competent attorney should be able to finish the work.

(38) 03/20/2015 JZ docket review and file review as to compliance with pretrial order. 0.8 hr.
Our objection: Time is wrong. This entry does not make any sense. This entry was repetitive as JZ already reviewed it long time ago.

(39) 03/18/2015 EH by Daniel Feld Conference with associate Steve Fraser re getting the consent to magistrate form filed. 0.2 hr.
Our objection: Time is wrong. Again, a paralegal should be able to finish doing this. It is also not right to charge fees for learning how to file while a competent paralegal would be able to do the work and finish it within a couple of minutes.

(40) 03/19/2015 JZ meeting with associate to review for trial next month and constraints considering other trials and absence for fam vacation and plan to preparation of for trial and explore Mag Judge consent ... 1.9 hrs.
Our Objection: Time is wrong. It does not make sense to spend such a long time as the matter is very simple, and no extensive work has ever been done on the case other than the depositions. JZ was also discussing other matters with associate. At most, it would take 30 minutes to complete the conference.

(41) 03/18/2015 EH by Daniel Feld: follow up with associate counsel as to why the consent to magistrate form had not yet been filed. 01 hr.

Our objection: Time is wrong. It is also not right to charge for your office's omission of duty.

(42) 03/20/2015 JZ meet associate to review status of consent to mag jduge 0.1 hr.
Our objection: Time is wrong. Again it is not right to charge for your office's omission of duty to file.

(43) 03/18/2015 EH by daniel feld: review file and prepare a draft pretrial stipulation to be filed by associate counsel. 3.1 hr.
Our objection: Time is wrong. It does not take such a long time to prepare the pretrial stipulation as not much content was included and your firm has done this type of matters a lot. At most 1 hr would be enough.

(44) 03/20/2015 JZ file review for all matters to include in pretrial stip. inter-office conf in .. 2.9 hr.
Our objection: Time is wrong. The matter is a very simple matter, not much was done the case, and it does not make sense to spend three hours discussing with associate on the case. Again, if associates are not competent so that JZ has to teach them, the time should not be included in the record. I am afraid other matters were also discussed. At most, this would only take about 1 hr.

(45) 03/20/2015 JZ meet with associate as to the progress of preparation of pts and witness subpoenas 0.8 hr.
Our objection: Time is wrong. JZ again was teaching associates who were not competent to prepare things alone. Time should be excluded.

(46) 03/20/2015 JZ file organization for trial and meet with associate to have this file trial ready by 0.3.14.15. 2.7 hrs.
Our objection: Time is wrong. It is also not right for JZ to charge what a legal assistant can do such as organizing things. At most, it would take no more than 30 minutes for him to review and instruct others to do it.

(47) 03/13/15 JZ Steve Fraser receipt and review file; analyze order granting motion to be excused from trial; update file notes. 0.3 hr.
Our objection: It is ridiculous to spend 0.3 hrs to read an order granting motion to be excused from trial. 2 minutes will be enough to finish everything.

(48) 03/17/2015 EH General Case review 0.7 hrs.
Our objection: It does not make sense to review the file without other purpose. A review of the case will only take at most 20 minutes as not much has been done.

(49)03/20/2015 JZ call to client about trial preparation... 0.3 hrs.
Our objection: Time is wrong. Case was almost closed by then.

(50) 03/20/2015 JZ meet with associate and review in limine issues ... 2.9 hrs.
Our objection: Time is wrong. Again, it is not right to teach incompetent associates while someone competent could have finished everything alone. Even if supervising attorney needs to review, it does not take that long. At most 1 hr. will be enough.

(51) 03/17/2015 EH Preparation of Motion in Limine in regard to particular evidence brought by opposing counsel 4. hr.
(52) 03/17/2015 EH Performed research in regard to potential grounds for motion in limine. 2.5 hrs.
Our objection: It does not make sense to spend 6.5 hrs on the matter because the only issues are set-offs and attorney's fees and liquidated damages. 2 hrs. will be enough especially considering the fact that your firm has been doing this type of cases a lot.

(53) 03/09/2015 JG trial preparation, witness list, pretrial stip draft, and discussed with EH and supervising attorney JZ 4 hrs.
Our objection: It is not reasonable to spend such a long time preparing witness list, pretrial stip. Pretrial stip was prepared by DF and he already listed 3.1 hours in his entry above. It is double entry and not reasonable. As to witness list, 20 minutes should be enough.

(54) 03/20/2015 JZ Inter-office conf in re; with associate as to ...3.2 hrs.
Our objection: Time is wrong. It does not make sense to double charge and review the associates' incompetent work. At most, JZ should only spend 1 hr.

(55) 03/17/2015 EH collaboration with JG regarding trial preparation including the drafting of a trial stipulation. 2.2 hrs.
Our objection: This is another entry on trial stipulation and triple charges on the matter. DF spent 3.1 hrs. JG spent 4 hrs and EH spent 2.2 hrs. It is not ethical and not reasonable to enter time records like this because

of incompetence of some attorneys.

(56) 03/20/2015 JZ relay Oj to client for his consideration... 0.2 hrs.
Our objection: This is a double entry. Time is also wrong.

(57) 03/11/2015 Eh preparation and drafting of witness list 0.8 hrs.
Our objection: JG already prepared one, why repeating the work?

(58) 03/17/2015 EH collaborated with opposing counsel on appropriate language.. 0.9 hrs.
Our objection: we only spent no more than 10 minutes over phone, and it does not take 10 minutes for you to make changes.

(59) 03/17/2015 EH preparation of research in regard to issue of witness disclosure 1.7 hrs.
Our objection: The amount of time is not reasonable and it is obvious that you should disclose all of your witnesses before you can call them to trial. The time record is not warranted.

(60) 03/20/2015 JZ confirmation from client that he will accept recent OJ 0.2 hr.
Our objection: Time is wrong.

(61) 03/17/15 Performed legal research on the issue of a Rule 68 timing, enforceability. 1.5 hr. by EH
Our objection: It is not reasonable to spend 1.5 hrs. on the research. Your office has been doing this type of cases a lot, and even if no one knows, it would only take at most 10 to 20 minutes to get the answer.

(62) 03/17/15 EH Prepared motion to cancel calendar call. 1.2 hrs.
Our objection: It is not reasonable for you to spend such a long time to prepare a simple motion. At most 30 minutes would be enough.

(63) 04/27/15 JZ Ledger review and daft fee motion pursuant to OJ 5.8 hrs.
Our objection: It is not reasonable to spend 5.8 hrs to prepare fee motion. I am afraid a lot of time entries were manually entered then, or a print out record will show everything clearly and it does not take much time. At most a fee motion will take about 1 to 2 hrs.

Overall, there are a lot of suspicions on the time records your office prepared. We will definitely object to these time records and we reserve the right to amend our objections upon further review.

[Quoted text hidden]

# EXHIBIT C

May 26, 2015 Email from Plaintiff's Counsel with Updated Time Record



Hongwei Shang <hshanglaw@gmail.com>

---

## Chavez v. Dong Le

**Elizabeth Hueber** <elizabeth.hueber.esq@gmail.com>                    Tue, May 26, 2015 at 7:54 PM
To: Hongwei Shang <hshanglaw@gmail.com>
Cc: Julia Garrett <jgarrett.jhzidellpa@gmail.com>

I did not mean to send that e-mail without a body! Sorry about that.

I have attached an updated Time Report.  I note that there was an error which produced the wrong date for a few time entries.  I am sorry to the extent that it obstructed our review in the entries.  Nevertheless, you made several criticisms which these time entries are not affected by.  I was not around to observe much of the time entries, so, I cannot necessarily speak for the person entering time.  That said, as I understand, they are accurate.  Nevertheless, I reduced a few entries which seemed a little on the high side.  The version I just sent you is the one that I will file unless we come to an agreement tomorrow regarding attorneys fees.

Thank you for working with me on this.

On Tue, May 26, 2015 at 7:48 PM, Elizabeth Hueber <elizabeth.hueber.esq@gmail.com> wrote:
    Ms. Shang:

May/26/2015                    J.H. Zidell P.A.                    Page: 1
                          Client Fees Listing
                             ALL DATES

| Date | Working Lawyer | Hours | Amount |
|------|----------------|-------|--------|
| Explanation | | | |

| Date | Working Lawyer | Hours | Amount |
|------|----------------|-------|--------|
| 8/26/14 | **JZ** - **J.H. Zidell** | **1.00** | **350.00** |

client intake

| 9/4/14 | **JZ** - **J.H. Zidell** | **0.50** | **175.00** |
|--------|---------------------------|----------|-----------|

drafting complaint

| 9/4/14 | **CC** - **Christopher Cochran** | **1.00** | **200.00** |
|--------|----------------------------------|----------|-----------|

Researched and skip-traced Defendants

| 9/4/14 | **CC** - **Christopher Cochran** | **1.00** | **200.00** |
|--------|----------------------------------|----------|-----------|

calculated, drafted, and sent via certified mail FL state
minimum wage notice letter

| 9/8/14 | **JZ** - **J.H. Zidell** | **0.30** | **105.00** |
|--------|---------------------------|----------|-----------|

review Court orders [D.E. 4] and [D.E. 5] and assign to
associate counsel to comply with referral to mediation

| 9/9/14 | **EH** - **Elizabeth Hueber** | **0.10** | **27.50** |
|--------|-------------------------------|----------|-----------|

by Daniel Feld: Draft Notice of appearance

| 9/9/14 | **EH** - **Elizabeth Hueber** | **0.60** | **165.00** |
|--------|-------------------------------|----------|-----------|

by Daniel Feld: review file and draft Plaintiff's
statement of claim

| 9/10/14 | **JZ** - **J.H. Zidell** | **0.10** | **35.00** |
|---------|---------------------------|----------|-----------|

review de 4 and note short time for discovery and pass to
associate to timely complete discovery

| 9/19/14 | **JZ** - **J.H. Zidell** | **0.10** | **35.00** |
|---------|---------------------------|----------|-----------|

file return of summons

| 9/24/14 | **JZ** - **J.H. Zidell** | **1.70** | **595.00** |
|---------|---------------------------|----------|-----------|

analyze and review deft's letter and attachments as
response to pltf's claim; review rental agreement and
,eal cost agreement in light of prevailing law from new
floridian decision etc..

| 10/2/14 | **EH** - **Elizabeth Hueber** | **0.30** | **82.50** |
|---------|-------------------------------|----------|-----------|

By Daniel Feld: draft correspondence to Defendants'
counsel and attach a copy of Plaintiff's statement of
claim, the court's Order requiring the same, the court's
scheduling Order and the court's order of referral to
mediation

| 10/3/14 | **JZ** - **J.H. Zidell** | **1.30** | **455.00** |
|---------|---------------------------|----------|-----------|

file review and flmw notice complaince review and meet
with associate to file amended complaint and amended
statement of claim accordingly and to contact client
about deft's letter and rental agreement

| 10/6/14 | **CC** - **Christopher Cochran** | **0.10** | **20.00** |
|---------|----------------------------------|----------|-----------|

client communication after review of Defendants' September
22nd letter.

| 10/6/14 | **CC** - **Christopher Cochran** | **0.40** | **80.00** |
|---------|----------------------------------|----------|-----------|

amended complaitn for Mr. Zidell

| 10/6/14 | **CC** - **Christopher Cochran** | **0.70** | **140.00** |
|---------|----------------------------------|----------|-----------|

amended statement of claim

Case 0:14-cv-62034-JIC   Document 54   Entered on FLSD Docket 06/15/2015   Page 41 of 50

Client Fees Listing

ALL DATES

| Date | Working Lawyer | Hours | Amount |
|------|----------------|-------|--------|
| Explanation | | | |

---

| 10/6/14 | **CC** - **Christopher Cochran** | **0.50** | **100.00** |
|---|---|---|---|
| initial disclosures | | | |
| 10/6/14 | **CC** - **Christopher Cochran** | **0.20** | **40.00** |
| notice of compliance with [DE 6] | | | |
| 10/6/14 | **CC** - **Christopher Cochran** | **0.70** | **140.00** |
| initial discovery requests | | | |
| 10/6/14 | **CC** - **Christopher Cochran** | **0.20** | **40.00** |
| noticing depositions | | | |
| 10/6/14 | **JZ** - **J.H. Zidell** | **0.50** | **175.00** |
| review and analyze Defendants' answer and affirmative defenses | | | |
| 10/6/14 | **EH** - **Elizabeth Hueber** | **0.10** | **27.50** |
| B Daniel Feld: read correspondence from Defenndants' Counsel re: selection of mediator (agreed to anny of the suggested mediators) | | | |
| 10/7/14 | **JZ** - **J.H. Zidell** | **0.30** | **105.00** |
| review defendant answer to amended complaint and note invalid defenses asserted to flsa claim; note possible dispute as to flsa jurisdiction and whether defendant employed pltf and compare to original answer | | | |
| 10/13/14 | **JZ** - **J.H. Zidell** | **0.40** | **140.00** |
| review Defendants' answer to Plaintifff's statement of claim | | | |
| 10/14/14 | **EH** - **Elizabeth Hueber** | **0.40** | **110.00** |
| exchange 4 emails with Defendants' counse re complying with court order to mediate | | | |
| 10/14/14 | **EH** - **Elizabeth Hueber** | **0.30** | **82.50** |
| by daniel feld: draft first noitcce of mediation (still need to select date certain for mediation) | | | |
| 10/14/14 | **JZ** - **J.H. Zidell** | **0.60** | **210.00** |
| file review and compre defts response to amended statement of claim to original response and note similarity of response to both. | | | |
| 10/15/14 | **EH** - **Elizabeth Hueber** | **0.20** | **55.00** |
| by Daniel Feld: telephone call to mediators office | | | |
| 10/15/14 | **EH** - **Elizabeth Hueber** | **0.10** | **27.50** |
| By Daniel Feld: draft email correspondence to defendants' counsel | | | |
| 10/20/14 | **EH** - **Elizabeth Hueber** | **0.10** | **27.50** |
| by Daniel Feld: draft email correspondence to defendants' counsel re: mediation | | | |
| 10/21/14 | **DF** - **Daniel Feld** | **0.40** | **110.00** |
| draft notice of mediation and proposed order | | | |
| 10/31/14 | **CC** - **Christopher Cochran** | **0.10** | **20.00** |
| conferral to re-notice deposition | | | |

May/26/2015                    H. Zidell P.A.                        Page:  3
                          Client Fees Listing
                             ALL DATES

| Date | Working Lawyer | Hours | Amount |
|------|----------------|-------|--------|
| Explanation | | | |

---

| 10/31/14 | **JZ   - J.H. Zidell** | 1.20 | 420.00 |

file review and issue review for defts depositions next
week and meet with associate re same

| 11/3/14 | **KDK  - David Kelly** | 0.60 | 195.00 |

REVIEW file and prepare for todays deposiition of corp
representative, draft questions re same.

| 11/3/14 | **KDK  - David Kelly** | 1.10 | 357.50 |

chavez: depose the following 30b6 Hao Chen

| 11/3/14 | **KDK  - David Kelly** | 0.60 | 195.00 |

review file and depositions notes and draft summary of
deposition today and include update re further depos
needed and email cocounsel re same.

| 11/3/14 | **JZ   - J.H. Zidell** | 0.20 | 70.00 |

review associate's summation of depositions of deft corp
trial court reporter fee and note stip to jurisdiction
and plan to complete depos of remaining witnesses

| 11/6/14 | **EH   - Elizabeth Hueber** | 1.30 | 357.50 |

by Daniel Feld: review and analyze Defendants' responses
to request for production, interrogatories and admissions

| 11/7/14 | **JZ   - J.H. Zidell** | 1.30 | 455.00 |

review and alalyze deft's documentary production in
response to rtp and tax returns and rog answers with pltf
training raised and witness names and pass to associate to
schedule depos of these disclosed witnesses and how rfa
responses make jurisdiction discoverable here.

| 11/10/14 | **DF   - Daniel Feld** | 0.80 | 220.00 |

Review file in preparation for mediation

| 11/10/14 | **EH   - Elizabeth Hueber** | 2.60 | 715.00 |

by Daniel Feld: research case law on cost credit for room
and board as it applies to the facts of this case in
preparation for mediation

| 11/10/14 | **JZ   - J.H. Zidell** | 1.10 | 385.00 |

file review and valuation review for mediation tomorrow
and meet with associate counsel to preparation of for
setoff issue in case it comes up at mediation

| 11/11/14 | **DF   - Daniel Feld** | 2.50 | 687.50 |

Meet with client prior to mediation and attend mediation

| 11/11/14 | **EH   - Elizabeth Hueber** | 0.50 | 137.50 |

by Daniel Feld: Meet with client following mediation

| 11/12/14 | **EH   - Elizabeth Hueber** | 0.50 | 137.50 |

by Daniel Feld: review and analyze defendants' offer of
judgment and compare to statement of claim

| 11/12/14 | **EH   - Elizabeth Hueber** | 0.50 | 137.50 |

By Daniel Feld: Conference with J.H. Zidell re:
defendants' offer at mediation compared to offer of

H. Zidell P.A.
Client Fees Listing
ALL DATES

| Date | Working Lawyer | Hours | Amount |
|------|----------------|-------|--------|
| Explanation | | | |

judgment and merits of Defendants' claim for a cost credit

| 11/12/14 | **JZ** - **J.H. Zidell** | **0.20** | **70.00** |
|---|---|---|---|

telephone call to Plaintiff to conevy offfer of judgment; offer was rejected by Plaintiff

| 11/12/14 | **JZ** - **J.H. Zidell** | **0.90** | **315.00** |
|---|---|---|---|

conference with associate as to need to file second amended complaint to add indiv defendant and plan to do so asap.

| 11/13/14 | **CC** - **Christopher Cochran** | 0.10 | 20.00 |
|---|---|---|---|

call a 9:59 am to confer on motion for leav to amend; they oppose

| 11/13/14 | **CC** - **Christopher Cochran** | 0.30 | 60.00 |
|---|---|---|---|

drafted second amended complaint to allege Hao Chen as a defendant

| 11/13/14 | **CC** - **Christopher Cochran** | 0.30 | 60.00 |
|---|---|---|---|

motion for leave to file and amended complaint and proposed order

| 11/14/14 | **JZ** - **J.H. Zidell** | **0.20** | **70.00** |
|---|---|---|---|

relay OJ to Client for $1564 plus fees and rejected by Client; inter-office conf in re; with associate brief as to this.

| 11/17/14 | **CC** - **Christopher Cochran** | 0.30 | 60.00 |
|---|---|---|---|

e-mail on follow-up deposition dates

| 11/17/14 | **CC** - **Christopher Cochran** | 0.10 | 20.00 |
|---|---|---|---|

responded to Defensen counsel's email on follow-up dates.

| 11/18/14 | **CC** - **Christopher Cochran** | 0.10 | 20.00 |
|---|---|---|---|

received counsel's refusal to provide witness addresses.

| 11/18/14 | **CC** - **Christopher Cochran** | 0.60 | 120.00 |
|---|---|---|---|

response email on depositions. Reminded her of Rule 26 disclosure requirement.

| 11/26/14 | **CC** - **Christopher Cochran** | 0.40 | 80.00 |
|---|---|---|---|

follow-up email on deposition dates

| 11/26/14 | **CC** - **Christopher Cochran** | 0.40 | 80.00 |
|---|---|---|---|

review of discovery responses

| 11/26/14 | **CC** - **Christopher Cochran** | 0.10 | 20.00 |
|---|---|---|---|

noticed Defendant individually for deposition in the mean time.

| 12/2/14 | **DF** - **Daniel Feld** | 2.00 | 550.00 |
|---|---|---|---|

review file in preparation for depositions tomorrow and draft deposition questions

| 12/2/14 | **JZ** - **J.H. Zidell** | **0.80** | **280.00** |
|---|---|---|---|

file and docket review and breif meet w associate about deft depos tomorrow

| 12/3/14 | **DF** - **Daniel Feld** | 1.10 | 302.50 |
|---|---|---|---|

take depositions of Hao Chen and Wei Ding

H. Zidell P.A.
Client Fees Listing
ALL DATES

| Date | Working Lawyer | Hours | Amount |
|------|----------------|-------|--------|
| Explanation | | | |

---

| 12/11/14 | **CC - Christopher Cochran** | **0.30** | **60.00** |
|---|---|---|---|
| filed second amended complaint on Mr. Zidell's behalf | | | |
| 12/11/14 | **CC - Christopher Cochran** | **0.20** | **40.00** |
| notice of filing proposed amended summonses | | | |
| 12/17/14 | **CC - Christopher Cochran** | **0.10** | **20.00** |
| forwarded discovery requests to dan feld to take over. | | | |
| 12/22/14 | **JZ - J.H. Zidell** | **0.90** | **315.00** |
| meet with associate as to remaining issues after cochran no longer here and file review | | | |
| 1/5/15 | **JG - Julia Garrett** | **0.50** | **112.50** |
| Review documents and prepped notes for docs and information client needs to bring to meeting at office tomorrow. | | | |
| 1/5/15 | **JZ - J.H. Zidell** | **0.60** | **210.00** |
| review and analyze defendants' answer and affimrtive defenses and compare to first answer and affirmtive defenses | | | |
| 1/5/15 | **JZ - J.H. Zidell** | **1.20** | **420.00** |
| file review and meet w associate to preparation of for pltf to answer written discovery tomorrow. | | | |
| 1/6/15 | **JG - Julia Garrett** | **0.30** | **67.50** |
| Formatted documents and drafted email to opposing counsel delivering Responses to Request for Production and Interrogatories. | | | |
| 1/6/15 | **JG - Julia Garrett** | **3.50** | **787.50** |
| Drafted responses to Defendant's First Set of Interrogatories with Plaintiff. Reviewed document with supervising attorney. | | | |
| 1/6/15 | **EH - Elizabeth Hueber** | **1.00** | **275.00** |
| by Daniel Feld: review interrogatories prepared by associate counsel, draft edits and corrections and conference with associate counsel regarding edits and corrections | | | |
| 1/6/15 | **JZ - J.H. Zidell** | **1.60** | **560.00** |
| meet with client and associate counsel to review pltf's answeers to deft's written discovery. | | | |
| 1/27/15 | **JG - Julia Garrett** | **0.20** | **45.00** |
| drafted and filed NOA | | | |
| 1/30/15 | **JZ - J.H. Zidell** | **0.80** | **280.00** |
| docket review and file review as to complinace with pretrial order. | | | |
| 2/23/15 | **EH - Elizabeth Hueber** | **0.20** | **55.00** |
| byy Daniel Feld: Conference with associate Steve Fraser re: getting tot he consent to magistrate form filed | | | |
| 2/24/15 | **JZ - J.H. Zidell** | **1.20** | **420.00** |

Client Fees Listing
ALL DATES

| Date | Working Lawyer | Hours | Amount |
|------|----------------|-------|--------|
| Explanation | | | |

meeting with associate to review for trial next month and
constraints considering other trials and absence for fam
vacation and plan to preparation of for trial and explore
Mag Judge consent with Opposing counsel to get special set
trial date. Identify witnesses to subpoena and plan trial
preparation of meetings with Pltf.

**2/25/15    EH    - Elizabeth Hueber    0.10    27.50**
By Daniel Feld: follow up with associate counsel as to why
the consent to magistrate form had not yet been filed

**2/25/15    JZ    - J.H. Zidell    0.10    35.00**
meet associate to review status of consent to Mag Judge

**2/26/15    JZ    - J.H. Zidell    0.40    140.00**
meet associate to review plan to preparation of for trial
in light on denial for referral to Mag Judge

**2/27/15    EH    - Elizabeth Hueber    2.20    605.00**
by daniel feld: review file and prepare a draft pretrial
stipulation to be filed by associate counsel

**3/2/15    JZ    - J.H. Zidell    0.10    35.00**
meet assocaite for filing of motion to be excused for 2
days of trial period in light of family passover travel
plans

**3/2/15    JZ    - J.H. Zidell    2.00    700.00**
file review for all matters to include in pretrial stip.
inter-office conf in re; with associate as to getting
draft to Opposing counsel this week; exhibit review and
witness review ; client contact for witness addresses

**3/3/15    JG    - Julia Garrett    0.50    112.50**
reviewed Motion to Modify Trial Schedule and Proposed
Order, edited, and filed, and emailed proposed order to
Judge

**3/3/15    JZ    - J.H. Zidell    0.80    280.00**
meet with associate as to progress of preparation of of
pts and witness subpoenas

**3/3/15    JZ    - J.H. Zidell    2.70    945.00**
file organization for trial and meet with associate to
have this file trial ready by 03.14.15

**3/4/15    JZ    - J.H. Zidell    0.30    105.00**
[steve fraser] receipt and review file; analyze order
granting motion to be execused from trial; udpate file
notes

**3/4/15    JZ    - J.H. Zidell    4.80    1680.00**
review for trial and diff calculationsfor pltfs damages if
credit is given for any lodging or food , exhibit review
for trial

**3/4/15    EH    - Elizabeth Hueber    0.70    192.50**

Client Fees Listing
ALL DATES

| Date | Working Lawyer | Hours | Amount |
|------|----------------|-------|--------|
| Explanation | | | |

General case review.

| 3/5/15 | **JZ  - J.H. Zidell** | **0.30** | **105.00** |

call to client about trial preparation of dates and settlement demand

| 3/5/15 | **JZ  - J.H. Zidell** | **2.90** | **1015.00** |

meet with associate and review in limine issues that must be filed for trial on waiver of cost credit and no evidence to substantiate cost credit under prevailing law as well as invalid flsa defenses in answer as to estoppel etc... plan with associate timely filing of motion in limine with pts and further

| 3/5/15 | **EH   - Elizabeth Hueber** | **4.00** | **1100.00** |

Preparation of Motion in Limine in regard to particular evidence brought by opposing side.

| 3/5/15 | **EH   - Elizabeth Hueber** | **2.50** | **687.50** |

Performed research in regard to potential grounds for Motion in Limine.

| 3/5/15 | **EH   - Elizabeth Hueber** | **0.50** | **137.50** |

Continued case review and preparation in regard to evidence; review of case file for objectionable issues.

| 3/6/15 | **JG   - Julia Garrett** | **4.00** | **900.00** |

trial preparation, witness list, pretrial stip draft, and discussed with EH and supervising atty JZ

| 3/6/15 | **EH   - Elizabeth Hueber** | **0.50** | **125.00** |

Prepared subpoenas for trial for witnesses (3).

| 3/6/15 | **EH   - Elizabeth Hueber** | **0.20** | **50.00** |

Performed case review and internet research regarding locations of witnesses.

| 3/6/15 | **EH   - Elizabeth Hueber** | **0.20** | **55.00** |

Conference with Opposing counsel regarding settlement.

| 3/6/15 | **EH   - Elizabeth Hueber** | **0.30** | **82.50** |

Activities regarding settlement, including review of file, attorneys fees, and conference with managing attorney.

| 3/6/15 | **JZ  - J.H. Zidell** | **3.20** | **1120.00** |

inter-office conf in re; with associate as to urgency of getting pts draft to opposing counsel forthwith; verify witness subpoenas for trial, review defendants depos in preparation of for trial

| 3/6/15 | **EH   - Elizabeth Hueber** | **2.20** | **605.00** |

Collaboration with J. Garret regarding trial preparation, including the drafting of a trial stipulation.

| 3/6/15 | **EH   - Elizabeth Hueber** | **0.40** | **110.00** |

Reviewed deposition of Hao Chen.

| 3/9/15 | **JG   - Julia Garrett** | **0.20** | **45.00** |

phone call with client

Client Fees Listing
ALL DATES

| Date | Working Lawyer | Hours | Amount |
|------|----------------|-------|--------|
| Explanation | | | |

---

3/9/15   **EH   - Elizabeth Hueber**   **0.30**   **82.50**
Correspondences between Opposing counsel regarding settlement, pre-trial statement.

3/9/15   **EH   - Elizabeth Hueber**   **0.30**   **82.50**
Attempted contacts regarding trial stipulation with opposing counsel (3)

3/10/15   **EH   - Elizabeth Hueber**   **0.10**   **27.50**
Review of correspondence regarding settlement, response to Opposing counsel

3/11/15   **JZ   - J.H. Zidell**   **0.20**   **70.00**
relay OJ to client for his consideration and he will let me know

3/12/15   **EH   - Elizabeth Hueber**   **0.20**   **55.00**
Reviewed e-mails and prepared response to opposing counsel regarding potential settlement, pre-trial stipulation.

3/12/15   **EH   - Elizabeth Hueber**   **0.20**   **55.00**
Drafted statement to Opposing counsel regarding pre trial stipulation.

3/13/15   **EH   - Elizabeth Hueber**   **0.10**   **27.50**
Review of Corespondence with opposing counsel.

3/13/15   **EH   - Elizabeth Hueber**   **0.80**   **220.00**
Preparation and drafting of exhibit list.

3/13/15   **EH   - Elizabeth Hueber**   **0.80**   **220.00**
Preparation and drafting of witness list.

3/13/15   **EH   - Elizabeth Hueber**   **0.10**   **27.50**
Review of opposing counsel's proposed stipulation, exhibit list, witness list.

3/13/15   **EH   - Elizabeth Hueber**   **0.90**   **247.50**
Collaborated with opposing counsel on appropriate language for modifications to pretrial stipulation; made multiple revisions of same.

3/16/15   **EH   - Elizabeth Hueber**   **1.70**   **467.50**
Preparation of research in regard to issue of witness disclosure.

3/16/15   **EH   - Elizabeth Hueber**   **0.40**   **110.00**
Reviewed deposition of Wei Ding.

3/16/15   **EH   - Elizabeth Hueber**   **0.30**   **82.50**
Interoffice conferences regarding status of Offer of Judgment.

3/17/15   **JZ   - J.H. Zidell**   **0.20**   **70.00**
confirmation from Client that he will accept recent OJ

3/17/15   **EH   - Elizabeth Hueber**   **0.20**   **55.00**
Continued corresponding with opposing counsel in search of resolution.

3/17/15   **EH   - Elizabeth Hueber**   **0.30**   **82.50**

H. Zidell P.A.
Client Fees Listing
ALL DATES

| Date | Working Lawyer | Hours | Amount |
|------|----------------|-------|--------|
| Explanation | | | |

---

Reviewed and corresponded regarding settlement discussions.

| 3/17/15 | **EH  - Elizabeth Hueber** | **0.30** | **82.50** |

Prepared voir dire instructions.

| 3/17/15 | **EH  - Elizabeth Hueber** | **1.50** | **412.50** |

Performed legal research on the issue of a Rule 68 timing, enforceability.

| 3/17/15 | **EH  - Elizabeth Hueber** | **0.50** | **137.50** |

Drafted mini-memorandum on Rule 68 applicability, pitfalls and risks.

| 3/18/15 | **JZ  - J.H. Zidell** | **0.30** | **105.00** |

inter-office conf in re; with client about status of case after notifying Courtof acceptance of OJ and will advise if trial cancelled and later 2nd call to client advising that trial was cancelled and how case will conclude

| 3/18/15 | **EH  - Elizabeth Hueber** | **0.20** | **55.00** |

Contacted court regarding settlement; contacted opposing counsel regarding same and calendar call.

| 3/18/15 | **EH  - Elizabeth Hueber** | **1.20** | **330.00** |

Prepared Motion to cancel calendar call.

| 3/18/15 | **EH  - Elizabeth Hueber** | **0.10** | **27.50** |

Contacted opposing counsel regarding canceling calendar call.

| 3/18/15 | **EH  - Elizabeth Hueber** | **0.10** | **27.50** |

Conference with Court regarding calendar call.

| 3/27/15 | **EH  - Elizabeth Hueber** | **0.30** | **82.50** |

Collaborated with Opposing Counsel regarding agreement.

| 3/27/15 | **EH  - Elizabeth Hueber** | **0.40** | **110.00** |

Edited and created final draft of judgment documents.

| 3/27/15 | **EH  - Elizabeth Hueber** | **0.20** | **55.00** |

Prepared and delivered orders to Court.

| 4/3/15 | **EH  - Elizabeth Hueber** | **0.10** | **27.50** |

Reviewed correspondence from opposing counsel and prepared a response in regard to settlement.

| 4/13/15 | **EH  - Elizabeth Hueber** | **0.20** | **55.00** |

Prepared extended response to opposing parties' refusal to pay judgment.

| 4/22/15 | **EH  - Elizabeth Hueber** | **0.30** | **82.50** |

Prepared extended response to opposing parties' refusal to comply with judgment.

| 4/22/15 | **EH  - Elizabeth Hueber** | **0.30** | **82.50** |

Performed research as to lawful methods of collection.

| 4/22/15 | **EH  - Elizabeth Hueber** | **0.20** | **55.00** |

Prepared extended response to opposing parties' refusal to comply with judgment.

| 4/22/15 | **EH  - Elizabeth Hueber** | **0.20** | **55.00** |

May/26/2015                          J. H. Zidell, P.A.                        Page: 10
                                   Client Fees Listing
                                      ALL DATES

Date          Working Lawyer                    Hours    Amount
Explanation
_____

Prepared extended response to opposing parties' refusal to
comply with judgment.
4/24/15       **EH**   - **Elizabeth Hueber**           **0.20**    **55.00**
Prepared extended response to opposing parties' refusal to
comply with judgment.
4/29/15       **JZ**   - **J.H. Zidell**                **5.80**    **2030.00**
ledger review and draft fee motion pursuant to OJ


                          Unbilled:  105.20   31185.00
                            Billed:    0.00       0.00
                             Total:  105.20   31185.00
                     Percent Billed:    0.00       0.00
_____

                    *** Summary by Working Lawyer ***

Working La——————Hour——————            ——————Fee——————
          Unbil Firm Bille Firm Total % Bl Unbill Firm Billed Firm Total % Bl
EH    - Eli 35.60 33.8 0.00 100. 35.60 0.00 9772.5 31.3 0.00 100. 9772.5 0.00
JZ    - J.H 43.10 40.9 0.00 100. 43.10 0.00 15085. 48.3 0.00 100. 15085. 0.00
CC    - Chr  8.20  7.79 0.00 100.  8.20 0.00 1640.0 5.26 0.00 100. 1640.0 0.00
DF    - Dar  6.80  6.46 0.00 100.  6.80 0.00 1870.0 6.00 0.00 100. 1870.0 0.00
JG    - Jul  9.20  8.75 0.00 100.  9.20 0.00 2070.0 6.64 0.00 100. 2070.0 0.00
KDK   - Dav  2.30  2.19 0.00 100.  2.30 0.00 747.50 2.40 0.00 100. 747.50 0.00
**Firm Total** 105.2 100. 0.00 100. 105.2 0.00 31185. 100. 0.00 100. 31185. 0.00
_____

                  *** Summary by Responsible Lawyer ***

Responsibl——————Hour——————            ——————Fee——————
          Unbil Firm Bille Firm Total % Bl Unbill Firm Billed Firm Total % Bl
JZ    - J.H 105.2 100. 0.00 100. 105.2 0.00 31185. 100. 0.00 100. 31185. 0.00
**Firm Total** 105.2 100. 0.00 100. 105.2 0.00 31185. 100. 0.00 100. 31185. 0.00
_____


REPORT SELECTIONS - Client Fees Listing
Layout Template           ATTY FEE REPORT
Advanced Search Filter    None
Requested by              EH
Finished                  Tuesday, May 26, 2015 at 07:46:13 PM
Ver                       14.0 (14.0.20140923)
Date Range                ALL DATES
Matters                   14-62034
Clients                   All
Major Clients             All
Client Intro Lawyer       All
Matter Intro Lawyer       All

Client Fees Listing
ALL DATES

Date          Working Lawyer                    Hours    Amount
Explanation
_____

Responsible Lawyer          All
Assigned Lawyer             All
Type of Law                 All
Select From                 Active, Inactive, Archived Matters
Matters Sort by             Default
New Page for Each Lawyer    No
Firm Totals Only            No
Client balances only        No
Matter balances only        No
Entries Shown - Billed On:  Yes
Entries Shown - Unbilled    Yes
Entries Shown - Billable '  Yes
Entries Shown - Write Up/I  Yes
Entries Shown - No Charge   Yes
Entries Shown - Non Billal  Yes
Working Lawyer              All